## No. 6933.

### A. L. Tissot vs. A. Dubuclet et al.

Section 3784 of the Revised Statutes, which provides for the punishment of the State Treasurer by fine, etc., for refusing to pay warrants in certain cases, upon *conviction* thereof, etc , means a conviction under a regular criminal proceeding. Such conviction is a condition precedent, under the Statute, to the recovery of the penalty.

APPEAL from the Third District Court for the parish of Orleans. *Monroe, J.*

*E. Howard McCaleb* for Plaintiff and Appellant:

First—A criminal conviction of the State Treasurer, under Sec. 3784 Revised Statutes of 1870, is not an essential pre-requisite to a suit for the recovery of the fourfold penalty therein provided in favor of the holder of warrants, payment of which has been illegally refused. The criminal prosecution and civil suit are independent of each other. 12 Wheaton, pp. 14 and 15. The construction of a penal statute should not be so strict as to defeat the plain intent of the Legislature. Sedgwick on the Construction of Statutes, p. 283.

Second—A civil suit to recover a penalty enacted in the interest of the individual injured, cannot be made to depend upon the action of the prosecuting attorneys of the State. The individual himself has the right to sue in his own name and for his own benefit to enforce payment of the penalty. Sedgwick on Statutory Construction, pp. 74, 89 ; 7 R. 252 ; 2 Cranch, 336 ; 3 R. 55 ; 12 R. 48 ; 10 An. 122.

Third—The fourfold penalty prescribed by Sec. 3784, R. S., being exclusively for the benefit of the individual, is not subject to the rules regulating *qui tam* actions. A *qui tam* action is a remedy given for the recovery of a penalty, part of which goes to the informer, and the other part to the State. Bouvier's Law Dictionary, verbo *qui tam.*

Fourth—The general rule is, that a criminal conviction does not bar a civil action, § 225, Freeman on Judgments ; nor is a civil action prejudiced by the acquittal of the defendant in a criminal proceeding. *Idem,* § 319 ; 15 An. 543.

*Albert Voorhies* for Defendant and Appellee:

First—There must be a previous conviction of the State Treasurer for a misdemeanor in office to justify the enforcement of the fourfold penalty provided for by R. S. section 3784.

Second—This penalty can be enforced only through an action *qui tam.*

The opinion of the Court was delivered by

Todd, J. The plaintiff, alleging himself to be the holder of certain warrants amounting to $2500, and that the defendant, A. Dubuclet, then State Treasurer, had refused to pay these warrants when presented for payment, although there was money in the treasury out of which they should have been paid, brings this suit against the said Dubuclet and the sureties on his official bond, for $10,000, fourfold the amount of said warrants.

Tissot vs. Dubuclet et al.

The action is evidently brought under section 3784 of the Revised Statutes, which provides:

"If the treasurer shall wilfully and illegally refuse to pay any warrant lawfully drawn upon the treasury, having the funds in hand to pay the same, he shall be deemed guilty of a misdemeanor in office, and, upon conviction thereof, shall be fined in a sum not less than five hundred dollars, for the use of the State, and shall forfeit and pay to the holder of such warrants fourfold the amount thereof, to be recovered against him and his security on his official bond."

Defendants filed a peremptory exception, averring:

1. That the petition discloses no cause of action;

2. That the demand can be entertained only upon the conviction of the officer; and

3. That the statute does not authorize a civil suit to enforce the penalty.

This exception was sustained and the suit dismissed, and from this judgment the present appeal was taken.

The Statute referred to is highly penal, and is to be construed strictly. It certainly declares a liability against the officer mentioned on account of the acts or omissions mentioned in the Statute and charged in the petition, but it is equally clear that that liability is contingent "upon his conviction thereof."

Conviction is a term generally used with reference to criminal proceedings. Thus Abbott defines it: "The act or proceeding of pronouncing a person guilty of an offence and punishable therefor."

Abbotts' Law Dictionary, p. 285.

And again: "Conviction is an adjudication that the accused is guilty. It involves not only the *corpus delicti* and the probable guilt of the accused, but his actual guilt." Nason vs. Staples, 48 Me. 123.

Section 980 of the Revised Statutes provides:

"Every person being adjudged to pay a fine, shall, in default of payment or recovery thereof be sentenced to be imprisoned for a period not exceeding one year."

Considering the plain terms of those statutory provisions, it is clear to our minds that the conviction mentioned means a conviction under a regular criminal proceeding instituted and prosecuted according to law; and that such conviction is a condition precedent to any individual recovering the penalty declared as part of the punishment for the "misdemeanor" denounced by the statute.

It is not alleged in this case that any such conviction preceded the suit.

The judgment of the lower court was, therefore, correct, and the same is affirmed with costs.