(*Criminal Court of Cook County.*)

## The People of the State of Illinois

### vs.

### Charles Davis.

(February, 1901.)

1. BAIL—APPLICATION FOR—AFTER VERDICT OF GUILTY. Under the Illinois statute all persons are entitled to bail at any time before conviction, except where the offense is a capital one. *Held*, that where the defendant was indicted for receiving stolen property the verdict of a jury finding the defendant guilty was a conviction, even though a motion for a new trial was pending, and that such defendant was not entitled to be released on bail.

2. BAIL—NATURE OF. Bail is both a constitutional and statutory right, and the court has no discretion in the matter except to fix the amount.

Motion to admit to bail after conviction by jury of offense of receiving stolen property. Heard before Judge Jesse Holdom. Motion denied.

For statement of facts see opinion.

*A. C. Barnes,* assistant state's attorney for the people.

*Wm. S. Forrest,* for defendant.

HOLDOM, J.:—

The defendant was indicted and tried before the court and a jury on a charge of having received stolen property knowing the same to have been stolen, and a verdict of guilty returned and a motion by defendant for a new trial entered.

The cause is now before the court upon an application to admit the defendant to bail pending the disposition of the motion for a new trial.

The argument of counsel for defendant resolves itself into but one question, which is: What is a conviction within the meaning and intent of the statute on bail which provides "that all persons shall be bailable before conviction except for capital offenses where the proof is evident or presumption great."

Several illustrations in point may be gathered from our statutes. Chapter 38, Criminal Code, Div. 14, Par. 631, provides "That no person shall be imprisoned for non-payment of a fine  *  *  *  except upon conviction by jury;  *  *  * and provided further, that when such waiver of jury is made, imprisonment may follow judgment of the court without conviction by jury."

In paragraph 634, *supra*, "Any person convicted in a court of this state having jurisdiction of any crime or misdemeanor the punishment of which is confinement in the county jail, may be sentenced by the court in which such conviction is had.  *  *  * "

Bouvier's Law Dictionary, Rawle Edition, defines conviction as "the legal proceeding of record which ascertains the guilt of the party and upon which the sentence or judgment is founded." Citing *Nason v. Staples*, 48 Me. 123; *Commonwealth v. Lockwood*, 109 Mass. 323; *Commonwealth v. Gorham*, 99 Mass. 420.

Another definition there found is: "Finding a person guilty by verdict of a jury." Citing 1 Bishop, Criminal Law, sec. 223.

The doctrine enunciated in *Faunce v. People*, 51 Ill. 311, is not applicable either on the facts or the law to cases of bail.

The statute disqualifying a person from testifying as a witness invoked in *Faunce v. People* is but declaratory of the common law and must be construed with that fact in view. At common law conviction of certain crimes, when accompanied by judgment, disqualifies the person convicted from being a witness. Judgment must follow conviction in order

to work a disqualification for *non constat* a new trial might be awarded. It is the imprisonment following on the judgment of the court which makes the person infamous and which must concur with the conviction in order to disqualify.

Bail is a legal right about which courts have no discretion, except to fix the amount. It is both constitutional and statutory. I hold, however, that the verdict of a jury is a conviction in law and within the meaning of the statute on bail, and that in his present position the defendant is not bailable.

The motion to admit to bail is therefore denied.