## The State of Kansas v. F. W. Volmer.

1. CRIMINAL LAW—*What is necessary to constitute a "second offense."* Before a person can make himself liable to be convicted of a second offense, as such, under section three of the Dramshop Act, he must previously have been convicted of the first offense; but it is not necessary that the first conviction should be first satisfied by a payment of the fine, or by a pardon.

2. ——— *"Conviction," effect of.* The effect of the conviction where a person is sentenced to pay a fine only, may be suspended for all purposes by an appeal, until the case shall be finally determined on the appeal; and then if it appear that the conviction was erroneous or illegal, its effect will be totally destroyed for all purposes; but if it was correct, then it will have the same effect as though no appeal had ever been taken.

3. ——— *"Appeal," effect of.* An appeal from a judgment of conviction in a criminal cause *suspends* the effect of such judgment, (where the sentence is to pay a fine only,) until final judgment is pronounced in the appellate court.

*Error from Lyon District Court.*

INFORMATION filed in the district court on the 29th of June, 1870, charging defendant *Volmer* with a "second offense" in selling intoxicating liquors without license, as that offense is defined in § 3 of the Dramshop Act. The information states—"That on the 10th day of June, 1870, at the county of Lyon aforesaid, the said *F. W. Volmer*, in a certain one and one-half story frame building, situated on lot No. 6, on Commercial street, in Randolph's addition to the city of Emporia, did sell fermented, intoxicating liquor, called *beer*, he the said *F. W. Volmer*, not having taken out, or then and there having, a license as grocer, dramshop-keeper, or tavern-keeper, contrary to the form of the statute in such case made and provided, and against the dignity of the State of Kansas: That on the 7th day of June, 1870, the said *F. W. Volmer* was duly charged, tried and convicted by and before F. G. Hunt, a justice of the peace duly elected, qualified and sworn, in and for said Lyon county, for a violation

of section three of 'an act to restrain dramshops and taverns, and to regulate the sale of intoxicating liquors,' approved March 3, 1868, upon legal and proper evidence, by a jury duly charged and sworn; and a verdict of *guilty*, against *F. W. Volmer* having been rendered by said jury, said justice in pursuance of such verdict, and in accordance with the statute in such case made and provided, on the 8th day of June, 1870, did impose upon said F. W. Volmer a fine of fifty dollars and costs, and did further adjudge that in default of such payment he be committed to jail until such fine and costs be paid; that said defendant did appeal from such judgment to the district court of said Lyon county, wherein said cause was again tried, and upon such trial said defendant was on the 29th day of June, 1870, duly convicted as charged in said information, and as before said justice; and thereafter by said district court duly sentenced to pay a fine of fifty dollars and costs, and stand committed until said fine and costs be paid—which judgment and sentence still remains in force and effect, and not reversed or made void."

The "first conviction" mentioned in said information is that from which the appeal was taken in the preceding case, (ante p. 371.)

To the information in this case defendant pleaded "not guilty." On the trial the county attorney and the defendant signed a stipulation as follows:

"The defendant waives a trial by jury, and the introduction of testimony, and admits that he sold a fermented liquor commonly called *beer*, at the time and place mentioned in the information in this cause filed, to one Griffith Thomas, by the drink, and without having taken out a license as grocer, dramshop-keeper, or tavern-keeper; and that he has been convicted of a previous selling of

intoxicating liquors as in said information set forth. *The State* admits that the defendant has appealed from the judgment of the district court, in said above mentioned cause, to the Supreme Court of the State, and has filed a bond conditioned for the satisfaction of the judgment of the Supreme Court in said cause."

The cause was submitted to the court on said stipulation, and the court found the defendant "guilty," and also, that "the case constitutes a *second* violation of the provisions of section three of the Dramshop Act, etc., and that for the *first* offense the defendant has been duly convicted." And thereupon the court sentenced the defendant " to pay a fine of three hundred dollars, and costs of prosecution, and be confined in jail for ten minutes, and stand committed until said fine and costs be paid."

The defendant excepted to the findings and judgment, and a motion for a new trial being overruled, he now brings the case here by appeal for review.

*Chamberlin & Newell,* for appellant, made the same points here as in the case, ante, p. 373, so far as the questions are the same. They also submitted:

1. Can the defendant be punished, if guilty, *as for a* " *second offense,*" before a conviction is had for the first offense? In other words, is the State not compelled to prove that the *second* offense was committed either after the defendant was pardoned, upon the first conviction, or after a compliance with the sentence? Such was the obvious intent of the legislature. § 289, ch. 31, Gen. Stat., p. 380. *Stevens v. The People,* 1 Hill, 262.

Defendant was convicted of the *first* offense in the district court June 29th; the second offense was committed nineteen days previously, June 10th; and from said first conviction defendant has appealed to this court. Such appeal had the effect to stay all proceedings pending the

decision of this court.   The injustice of the construction
of the statute contended for by the State is too apparent
to need argument.

*Ruggles & Plumb*, for The State:

That a conviction as for a "second offense" is proper
after verdict, and while appeal is pending, see:  4 Bl·
Com., 335; 1 Bish. Cr. L., 373; Bouv. Law Dic.; Jacob's
Law Dic.; 8 Metcalf, 535; 1 Hill, 262.

The opinion of the court was delivered by

VALENTINE, J.: Such questions in this case as are
identical with questions raised and decided in a former
case between *The State* and this same defendant, (ante, p.
371,) we shall not again consider.   But there is a new
question raised in this case, to-wit:   After due proof is
made that the defendant has sold spirituous, vinous, fer-
mented, and other intoxicating liquors without a license,
is proof of a former conviction and judgment for a similar
offense, before a justice of the peace, *appealed from* to the
district court, or proof of a former conviction and
judgment in the district court, *appealed* from to the
supreme court, (such judgment not being satisfied by
payment or otherwise,) sufficient evidence upon which
to find the defendant guilty of a *second* or subsequent
offense, as described in section three of the Dramshop
Act?   (Gen. Stat., 400.)

The State claims, *first*, that the defendant may become
liable to the increased penalty attached to the second
offense, by violating the law a second time, although no
conviction has yet been had, nor even a prosecution com-
menced against him for the first offense; and *second*, that
an appeal from the conviction and judgment for the first
offense, does not destroy nor suspend the same as evidence

The defendant on the other hand claims, *first*, that he cannot be convicted for a second offense, as such, unless he has first been tried, convicted and sentenced, and the sentence satisfied either by a payment of the fine or by a pardon, before the second offense is committed; and *second*, that an appeal from the conviction and judgment for the first offense, entirely destroys the same as evidence.

It appears from the record in this case that the defendant was convicted and sentenced for the first offense on the 8th of June, 1870, in a justice's court, and from this he appealed to the district court. He committed the second offense June 10th, 1870. He was tried again for the first offense in the district court, and was convicted and sentenced June 29th, 1870. Afterwards, but on the same day, he appealed to the supreme court; and after the appeal but on the same day he was charged, tried, convicted and sentenced for the second offense; and it is this sentence which he now seeks to have reversed.

After a careful examination of the questions involved in this case we have come to the following conclusions:

1. CRIMINAL LAW—"Second offense defined." *First*, Before a person can make himself liable to be convicted of a second offense, as such, he must previously have been connected of the first offense; (*The People v. Butler*, 3 Cowen, 347, *et seq*; Jacob's Law Dic., title "*convict*;" 1 Hawkins Pl. Cr., 72, Ch. 7, § 7;) but it is not necessary, as is claimed by the defendant, that such first conviction should be first satisfied by a "payment of the fine or by a pardon." In fact, it would seem very absurd that an insolvent person who could not, or any person who would not pay his fine, should be in a better condition, and escape with less punishment, than the person who should pay his fine promptly.

*Second:* The effect of a conviction where the person is sentenced to pay a fine only, may be suspended for all purposes by an appeal until the case shall be finally determined on the appeal. Gen. Stat. p., 882, § 21; p. 866, §§ 286, 287. And for authorities settling an analogous principle, see 1 Greenl. Ev., § 510; Phillips Ev., 137; and note 128 of Cowen & Hills Notes, 293. And then, if it appears that the conviction was erroneous or illegal, its effect will be totally destroyed for all purposes; but if it was correct, then it will have the same effect as though no appeal had ever been taken.

2. Conviction— effect of.

The defendant had been convicted of the first offense in the justice's court before the second offense was committed, and therefore was, and continues to be, liable to the increased penalty attached to the commission of a second offense, provided said conviction shall not finally be found to be erroneous.

But said conviction had been appealed from, and therefore *suspended* at the time of the trial in this case. The admission of the same in evidence was erroneous; and for that reason the judgment in this case must be reversed, and the cause remanded for a new trial.

3. Appeal.—effect of.

KINGMAN, C. J., concurring.

SAFFORD, J., dissenting.