## THE PEOPLE v. IRVING ADAMS.

*Liquor traffic—Local option law — Information—Evidence—Fermented cider—Former conviction.*

1. An information charging the respondent with selling fermented cider, contrary to the provisions of a resolution adopted by the board of supervisors of the county where the suit is brought, pursuant to the provisions of the local option law, sufficiently alleges that the law had been made and was operative in said county at the time of the sale.

2. It is unnecessary for the people to prove in such a case the promulgation of the adoption of the preamble and resolution declaring the law operative in said county; section 17 of the act making a certified transcript of the record of the preamble and resolution evidence that its provisions are in full force therein.

3. The provision of the local option law forbidding the sale of fermented cider forecloses the inquiry whether cider which is fermented is intoxicating, whatever the stage of such fermentation.

4. In a prosecution for a second offense under the local option law, the record of the first conviction, which remains unreversed, is admissible, even though a void sentence was imposed.

Exceptions before judgment from Van Buren. (Buck, J.) Argued April 21, 1893. Decided May 31, 1893.

Respondent was convicted of selling fermented cider in violation of the local option law. Conviction affirmed, and the court below directed to proceed to sentence. The facts are stated in the opinion.

*Mills, Osborn & Cavanaugh,* for respondent.

*A. A. Ellis,* Attorney General, and *Lincoln H. Titus,* Prosecuting Attorney, for the people.

MCGRATH, J. Respondent was convicted of selling fermented cider, contrary to the provisions of a resolution

adopted by the board of supervisors of the county of Van Buren in pursuance of the provisions of Act No. 207, Laws of 1889, and contrary to the provisions of said act.

The information is good. The allegation that the sale was contrary to the provisions of a resolution adopted by the board of supervisors pursuant to the provisions of the act is a sufficient allegation that the act had been made and was operative. It is not usually necessary in an information, in referring to a statute, to allege that the statute has taken effect, or has become or still is operative, and the reference in the present case is of the same nature.

It is unnecessary to prove the promulgation of the adoption of the preamble and resolution. Section 17 of the act makes a certified transcript of the record of the preamble and resolution evidence that the provisions of the act are in full force.

The jury were properly instructed that, if the cider sold was fermented, the respondent should be convicted. The statute prohibits the sale of fermented cider, and forecloses inquiry as to whether cider which is fermented is intoxicating, whatever the stage of fermentation. The sale was in December, and the proofs tended to show that the cider was fermented.

To prove the former conviction, the judgment was introduced, which showed that, upon a plea of guilty, respondent had been ordered to pay a fine of $100, and costs in the sum of $25, and, in default of payment of said sums, to be confined in the common jail until such fine and costs were paid. It is insisted that the sentence is void, under *Brownbridge v. People,* 38 Mich. 751, and *People v. Carroll,* 44 Id. 371. Act No. 207, § 16, provides that, "for the second and every subsequent offense so committed, * * * he shall, upon conviction thereof," be sentenced, etc. Conceding the invalidity of the sentence, and that under this statute a conviction of the first offense must be shown,

the former conviction stands unreversed.    The conviction
is the finding of guilt.    1 Bish. Crim. Law, § 963; *Stevens
v. People*, 1 Hill, 261; *State v. Volmer*, 6 Kan. 379;
*Nason v. Staples*, 48 Me. 123; *Com. v. Lockwood*, 109
Mass. 323.    As is said by Gray, J., in *Com. v. Lock-
wood,—*

" The ordinary legal meaning of ' conviction,' when used
to designate a particular stage of a criminal prosecution
triable by a jury, is the confession of the accused in open
court, or the verdict returned against him by the jury,
which ascertains and publishes the fact of his guilt; while
' judgment ' or ' sentence ' is the appropriate word to
denote the action of the court before which the trial is
had, declaring the consequences to the convict of the fact
thus ascertained."

It is the declaration of consequences, only, that is bad;
but there is no reversal, the conviction stands as evidence
of the fact, and the statute is satisfied.

The present case is here on appeal from a judgment of
conviction.    That judgment is affirmed, and the court
below is directed to proceed to sentence.

The other Justices concurred.