PEOPLE v. HICKMAN.

1. CRIMINAL LAW — VIOLATION OF LOCAL-OPTION STATUTE — SALOONS.

Evidence that respondent had beer in bottles on premises where intoxicating liquors had been sold a year previous, and that he sold cider that had commenced to work but not shown to have been intoxicating, was insufficient to convict him of keeping a place where intoxicating liquors were sold, and of keeping such liquors for sale, in violation of the local-option law.[1]

2. SAME—AMENDMENT TO INFORMATION.

An information so charging may not be amended by including a charge of keeping fermented liquors for sale, and the original information was insufficient to support a conviction of the latter offense.

Exceptions before sentence from Jackson; Parkinson, J. Submitted January 20, 1911. (Docket No. 179.) Decided March 13, 1911.

[1] Power to prohibit the keeping of intoxicating liquor, irrespective of any intention to sell it in violation of law, see note in 26 L. R. A. (N. S.) 394.

Sylvester Hickman was convicted of violating the local-option law.   Reversed, and respondent discharged.

*Elmer Kirkby*, for appellant.

*Nathan E. Bailey*, Prosecuting Attorney, and *M. Grove Hatch*, Assistant Prosecuting Attorney, for the people.

The local-option law is in force in Jackson county.   Respondent was arrested, charged with violating the law, in that he kept a place where intoxicating liquors were sold, stored for sale, and furnished, he not being a druggist or pharmacist; and in that, during a period of time set out, he kept intoxicating liquors for sale at the place described. He waived examination and was held for trial at the circuit.   The information which was filed contained two counts, upon the second of which the prosecuting attorney elected to try defendant.   In this count it is alleged that respondent, at a place and during a period set out, did keep intoxicating liquors for sale.   The trial proceeded, and testimony was introduced which tended to prove that respondent, who had been a saloon keeper before the local-option law became effective in the county, kept and sold cider at his place of business, which, to use the terms employed by a witness, "had commenced to work."   There was also introduced testimony which tended to prove that respondent's place of business was searched by officers, who found a barrel of beer, not opened, a case of beer, sealed and not opened, both of them apparently consigned to some person other than respondent, or to himself by a name not his own, a quart bottle of beer on ice behind the counter, and a quantity of cider in bottles, and a jug of cider.   Respondent conducted a restaurant, and with his family lived over his place of business.   There was no testimony tending to prove that the cider was intoxicating liquor.   There was no proof of other sales of liquor.   The people having rested, the court was moved to direct a ver-

dict for respondent upon the ground that there was no testimony tending to prove that intoxicating liquors were kept for sale by respondent. The motion was overruled, the court saying:

"Well, it is proved this place was a saloon before the adoption of the local-option law, a bar extending the whole length of it; that cider, perhaps not sweet, was sold by the drink; and this beer was in there. I think the testimony is one of the bottles wasn't full. This beer was there, and it was Hickman's place, and it was a public place of eating and drinking. I think it is for the jury to say what it was kept there for; and also I think there is enough evidence on the question of this cider and its condition to go to the jury. I do not see it is such a question as the court can assume—as a question so uncontradicted so there could not be any two opinions about it, and require me to direct a verdict. So I overrule the motion to direct a verdict."

Respondent and others were then sworn and examined, and gave testimony tending to prove that respondent had not, during the period alleged in the information, sold any malt, brewed, fermented, vinous, spirituous, or intoxicating liquor, but had sold cider, described as sweet, not fermented and not intoxicating. One witness for respondent stated he purchased cider which he thought had "started to ferment." There was testimony tending to prove that the bottle of beer on ice was intended for use by respondent and his family. Counsel made their arguments to the jury. In the course of the argument in behalf of respondent, it was contended that respondent was not charged with keeping for sale fermented liquor, and therefore ought not to be convicted. A colloquy occurred during which the prosecuting attorney asked for leave to amend the information by writing into it the word "fermented." Over objection, the amendment was permitted, and the jury instructed that if respondent kept fermented cider for sale he was guilty of violating the law. They were told that if the cider was sweet it was no violation of law to keep it for sale; and, further:

"The fermentation of cider is sometimes termed 'commenced to work.' It isn't a question whether it was sweet cider or hard cider, but whether it was fermented or not. It isn't necessary that it should be intoxicating; it need not have reached that stage or degree of fermentation as to make it intoxicating. All that is necessary is that it should be fermented. So you will consider the case upon all the evidence, both as to the cider and the beer, and if the cider was fermented, then keeping it for sale is unlawful, and if the beer was intended for sale and received and kept for sale, then that was unlawful."

A verdict of guilty was returned, judgment was stayed, and the cause is here on exceptions before sentence. The exceptions relied upon were taken when the court refused to direct a verdict for respondent, and when amendment of the information was permitted.

OSTRANDER, C. J. (*after stating the facts*). The court erred in refusing to direct a verdict when the people had rested. There had been introduced no testimony tending to prove that respondent kept a place where intoxicating liquors were sold, stored for sale, or furnished. The court was in error in saying to the jury that one bottle of beer, partly emptied, was found there. This was conceded by counsel for the people, and the statement was corrected. The fact that beer was found on the premises, and the fact that more than a year previously respondent had kept a saloon on the same premises, is not evidence from which a jury should be permitted to find, beyond a reasonable doubt, that respondent kept the beer for sale. There is no testimony tending to prove that the cider which was sold was intoxicating liquor.

It was error, also, to permit the amendment to the information. Under the statute, evidence that the cider kept for sale was fermented liquor was sufficient without proof that it was intoxicating. *People* v. *Adams*, 95 Mich. 541 (55 N. W. 461); *People* v. *Kinney*, 124 Mich. 486 (83 N. W. 147). The amendment was not formal merely, nor made for any of the purposes mentioned in 3

Comp. Laws, § 11922. It was made for the purpose of alleging the keeping for sale of liquors not intoxicating, or which it had been found impossible to prove were intoxicating. It was made upon the theory that the information did not allege the keeping for sale of fermented liquor, not intoxicating, and would not sustain a conviction for keeping fermented (not intoxicating) liquor for sale. The theory was correct. Respondent had neither been examined, nor had he waived examination upon a charge of keeping fermented liquor for sale, a charge made for the first time in the amended information.

The conviction must be set aside, and the respondent discharged.

BIRD, HOOKER, MOORE, and MCALVAY, JJ., concurred.