The State v. Will.

---

No. 21,390.

THE STATE OF KANSAS, *Appellee*, v. PETE WILL, *Appellant.*

SYLLABUS BY THE COURT.

1. LIQUOR LAW—*Persistent Violation—Information—Proof.* In a prosecution for persistent violation of the prohibitory liquor law, an allegation in an information as to a former conviction on a particular day does not preclude proof showing that the verdict finding the defendant guilty was returned on the date alleged, although the judgment imposing sentence was entered a few days after that time.

2. SAME—*Evidence of Absent Witness—Properly Admitted.* It is not a good objection to the admission of a transcript of the testimony of an absent witness previously given at the preliminary examination that the docket of the justice of the peace showed that it was given on one

The State v. Will.

day, while the stenographer who took the testimony testified that it was taken on the following day, since it sufficiently appears that there was no doubt as to the identity of the hearing nor any doubt that both referred to the same testimony.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed May 11, 1918. Affirmed.

F. T. Knittle, and R. A. Lovitt, both of Salina, for the appellant.

S. M. Brewster, attorney-general, W. B. Crowther, county attorney, and L. W. Hamner, of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Pete Will was convicted upon a charge of being a persistent violator of the prohibitory liquor law. (Gen. Stat. 1915, § 5541.) In this appeal he assigns two grounds of error based on the admission of testimony.

The first is the admission of the record of a previous conviction. In the information it was alleged that he was formerly convicted on December 2, 1915, while the record introduced in evidence showed that the defendant was tried and found guilty of the offense on December 2, 1915, but the judgment was not entered until December 15, 1915. It was necessary to allege and prove a former conviction, but if an error was made in stating the time of the conviction it would not preclude proof of the true time. Here the date of the verdict finding the defendant guilty was named as the time of conviction, and in common parlance a finding of guilty is frequently spoken of as a conviction. In legal parlance the term is sometimes applied to finding a person guilty and sometimes used to indicate a final judgment. (Commonwealth v. Lockwood, 109 Mass. 323; People v. Adams, 95 Mich. 541; 2 Words and Phrases, 1584.) However, if the date of the sentence and judgment is deemed to be the time of conviction, it would not aid the contention of the defendant. It was enough to show that the defendant had been convicted of a violation of the prohibitory law prior to the commission of the offense charged in the present prosecution. If the conviction is fully identified, an error in the information as to the time it happened cannot be material, as only one former con-

viction is needed to make a subsequent violation a felony.   It cannot be inferred that the defendant was embarrassed as to the identity of the conviction because of the number of previous convictions.

The other ground of error is the admission of a transcript of the testimony of one Temple purporting to have been given at the preliminary examination of the defendant.   This is based on another dispute as to dates.   The record sent up by the justice of the peace showed that the evidence of Temple was given on August 29, 1916, while the stenographer who took the testimony testified that it was given on the 28th of August. It is manifest that both referred to the same testimony, and it is not important or necessary to determine who was mistaken in respect to the date.   The hearing before the magistrate was begun on one day and ended at a later time, and the stenographer testified that the testimony was taken on the 28th of August, and that the case was continued until the 29th for argument.   There can be no question as to the identity of the case and no possibility of prejudice to the defendant.   Aside from this matter of identity, it appears that the defendant was not convicted of the charge as to which Temple gave his testimony.   The sales referred to by him were set out in other counts in the information, upon which there was an acquittal.

Judgment affirmed.