PEOPLE *v.* MORLOCK.

1. CRIMINAL LAW—INTOXICATING LIQUORS—ARGUMENT OF COUNSEL
—INFERENCE MAY BE DRAWN FROM FACTS.

In a prosecution for possessing and selling hard cider, where the defendant claimed that all he sold in his soft drink parlor was sweet cider, it was not prejudicial error for the prosecutor to argue to the jury that it was very peculiar that men with a habit of drinking would go into such a place and pay 10 cents a glass for sweet cider when they could purchase it and put it into their own basements for 20 cents a gallon, since he had a

right to draw such inference from the facts appearing in the record.[1]

2. SAME—REBUTTAL TESTIMONY NOT PREJUDICIAL WHERE STRICKEN —COMPETENCY IMMATERIAL.

Where defendant had testified that there was only one man drunk in his place of business on the day of the alleged illegal sale, testimony offered in rebuttal that witness had seen another drunken man there on that day cannot be said to be prejudicial, in view of the fact that it was stricken out on defendant's motion; and whether or not it was competent is immaterial under the circumstances.[2]

3. INTOXICATING LIQUORS—EVIDENCE—SUFFICIENCY.

Defendant's conviction of a violation of the prohibition law, held, not against the great weight of the evidence, although he produced the greater number of witnesses.[3]

4. CRIMINAL LAW—CREDIBILITY OF WITNESSES FOR THE JURY.

The credibility of witnesses and the quality of their testimony is for the jury.[4]

Exceptions before judgment from Hillsdale; Chester (Guy M.), J. Submitted October 15, 1925. (Docket No. 134.) Decided December 22, 1925.

George P. Morlock was convicted of violating the liquor law. Affirmed.

W. D. Grommon and Paul W. Chase, for appellant.

Andrew B. Dougherty, Attorney General, and G. Forrest Lewis, Prosecuting Attorney, for the people.

McDONALD, C. J. The defendant was convicted under an information which charged him with having intoxicating liquors in his possession, some of which he sold and furnished to one Doty Mansberger. He conducts a soft drink parlor on Broad street in the city of Hillsdale, Michigan. Mansberger was in the defendant's place of business on several occasions dur-

[1]Criminal Law, 16 C. J. § 2240; [2]Id., 17 C. J. § 3666; [3]Id., 17 C. J. § 3596; [4]Id., 16 C. J. § 2291.

ing the day of March 1, 1924, and while there the people say he purchased and drank hard cider, by reason of which he became intoxicated. The defendant denied that he had in his possession any intoxicating liquors, and claims that he sold Mansberger only sweet cider. The jury accepted the people's view of the facts and returned a verdict of guilty as charged. The defendant has brought the case here on exceptions before sentence.

The questions presented involve the claim that the verdict was contrary to law and against the weight of the evidence; that there was error in the admission of testimony, in prejudicial remarks of the prosecuting attorney during his argument, and in the refusal of the court to grant a motion for a new trial.

During his opening argument to the jury the prosecuting attorney said:

"It is very peculiar that men who have a habit for drinking would go into such a place and purchase sweet cider at 10 cents a glass when they could have purchased it and put it into their own basement for 20 cents a gallon."

Counsel for the defendant insist that the use of this language with the sanction of the court was prejudicial. We do not so regard it. The prosecuting attorney had a right to draw such an inference from the facts appearing in the record.

The alleged error in the admission of testimony arose during the examination of Roy Mansberger, who was called in rebuttal for the apparent purpose of showing that one Robert Patterson, a witness for the defendant, was intoxicated in the defendant's place of business at the time when Mansberger is alleged to have purchased the hard cider. The witness was permitted to testify that he saw Patterson in an intoxicated condition. On motion of defendant's counsel, his testimony was stricken out. The defendant had testified

that Mansberger was the only man that was drunk in his place that day, and that he was "crazy drunk" when he came in.     Whether the testimony offered in rebuttal was competent or not does not matter. It was stricken out.     In view of the ruling of the court and the nature of the testimony, we cannot assume that it had any prejudicial effect upon the jury.

The contention that the verdict is against the great weight of the evidence is without merit.     It is true that the defendant produced the greater number of witnesses, but their credibility and the quality of their testimony was for the jury.     There was positive testimony that Mansberger bought and drank hard cider in the defendant's place, and that he became very much intoxicated.     The jury believed this testimony and returned a verdict of guilty.     The circuit judge, who had the advantage of observing the witnesses and hearing them testify, says that the verdict was not against the weight of the evidence.     We agree with him.     We find no reversible error in the record.

The judgment of conviction is affirmed.     The case will be remanded for sentence.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.