## PEOPLE *v.* MORLOCK.

1. INTOXICATING LIQUORS—CRIMINAL LAW—EVIDENCE—SEARCH AND SEIZURE.

   Where the sheriff, on entering a place where soft drinks and lunches were sold, was told by the owner that liquor which he offered for sale was intoxicating, it was the duty of the sheriff to take possession of the liquor, have it analyzed, and, if found to be intoxicating, make complaint and cause the arrest of the owner.[1]

2. SAME — FAILURE OF SHERIFF TO REPORT SEIZURE OF LIQUOR WOULD NOT AFFECT ITS ADMISSIBILITY AS EVIDENCE.

   Failure of the sheriff to comply with the provisions of section 31, Act No. 338, Pub. Acts 1917, as amended by Act No. 382, Pub. Acts 1925, requiring a written report, inventory, and delivery of liquor seized by him to the commissioner of public safety, would not affect the admissibility of the liquor as evidence in the trial of the one from whom it was seized for illegal possession, although it might render the sheriff liable for the penalty provided in the act for not complying therewith.[2]

3. SAME—SECOND OFFENSE MAY BE CHARGED ALTHOUGH FIRST CONVICTION PENDING IN SUPREME COURT.

   A violation of the prohibition law might be charged as a second offense, although the first conviction was removed to the Supreme Court and not affirmed until after the second offense was charged.[3]

Exceptions before judgment from Hillsdale; Chester (Guy M.), J. Submitted April 15, 1926. (Docket No. 148.) Decided June 7, 1926.

George P. Morlock was convicted of violating the liquor law. Affirmed.

[1] Intoxicating Liquors, 33 C. J. § 376; [2] Criminal Law, 16 C. J. § 1110; [3] Intoxicating Liquors, 33 C. J. § 558 (Anno).

*Paul W. Chase* and *W. D. Grommon*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *G. Forrest Lewis*, Prosecuting Attorney, for the people.

SHARPE, J.    Defendant reviews his conviction on a charge of violating the prohibition act on exceptions before sentence.    On June 20, 1925, the sheriff of Hillsdale county entered the place of business of defendant in the city of Hillsdale, in which he served soft drinks and lunches.    He testified that a number of men were standing at the bar with glasses in their hands, and appeared to be drinking; that he worked his way to the south end of the bar and saw two glass jugs,   one empty, the other full, on a projection behind it, so that the tops of the jugs were about level with the top of the bar; that he said to defendant, "George, you got something here that has got a kick in it?" and defendant answered, "You ――― right I have  *  *  *  it will make a man drunk if it ever gets inside of you," and that he asked him if he wanted a drink.    Defendant took hold of one of the jugs to pour out some, and the sheriff said: "No, George, I don't care about drinking any, I'll take the whole jug."

On analysis, the liquid in the jug contained 8½ per cent. alcohol.    Defendant's counsel moved to suppress the use of the liquor as evidence, for the reasons, *first*, that possession of it was illegally obtained by the sheriff, and, *second*, that the sheriff did not make out and deliver a written report and inventory of the liquor taken and the receptacle in which it was contained, nor did he deliver such liquor or receptacle to the commissioner of public safety, as required by section 31 of Act No. 338, Pub. Acts 1917, as amended by Act No. 382, Pub. Acts 1925.

1. A drink of the liquor was offered to the sheriff by the defendant, who assured him that it was intoxicating.    The defendant was violating the law in

a public place, and it was clearly the duty of the sheriff to take possession of the liquor, have it analyzed, and, if found to be intoxicating, as he was assured by the defendant that it was, to make complaint and cause his arrest. He in no way violated the constitutional rights of the defendant.

2. Act No. 382 contains the provisions stated in defendant's motion. The neglect of the sheriff to comply therewith, while it might render him liable to the penalty provided therein, in no way affected the admissibility of the liquor as evidence. Had it been sent to the commissioner, it might have been procured for that purpose. The only question before the court was its identification as the liquor secured at defendant's place of business. This was clearly established. The motion to suppress was properly overruled.

3. The complaint, warrant and information charged the violation as a second offense. The prosecution offered in evidence the journal entry of the circuit court for Hillsdale county, which showed that the defendant had been therein convicted of a violation of the prohibition law on March 10, 1925. It appeared that the defendant had removed this case to the Supreme Court on exceptions before sentence and it was then undecided. It was later affirmed. 233 Mich. 284. It was urged that until affirmed on review it could not be made the basis of a first conviction. The holding of this court in *People* v. *Adams*, 95 Mich. 541, is adverse to this contention. It was cited with approval in *People* v. *Farrell*, 146 Mich. 264, 290.

The other errors assigned have been examined, but in our opinion do not merit discussion.

The exceptions are overruled and the trial court advised to proceed to sentence.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.