No. 27,633.

THE STATE OF KANSAS, *Appellee,* v. HARRY EISMINGER, *Appellant.*

(260 Pac. 661.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS — *Persistent Violator* — *Establishing Former Conviction.* The former conviction, which must be shown to establish the offense of persistent violation of the intoxicating liquor law, is established by showing that the court in the former case accepted or approved a plea, or verdict, of guilty and pronounced judgment thereon.

2. CRIMINAL LAW—*Effect of Appeal Bond.* When a criminal case is appealed by the defendant, under R. S. 62-1710, the execution of the judgment and sentence of the court may be stayed by the giving of bond, as the statutes provide. The taking of the appeal and giving bond do not set aside nor suspend the judgment and sentence; the effect is to stay execution only.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed November 5, 1927. Affirmed.

*J. N. Tincher, Don Shaffer, Mabel Jones Shaffer* and *Rubert G. Martin,* all of Hutchinson, for the appellant. .

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Charles Hall* and *John Fontron,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Harry Eisminger was found guilty of being a persistent violator of the intoxicating liquor law, as that offense is defined in R. S. 21-2146. He has appealed and contends that the record of his former conviction was improperly admitted in evidence.

---

Criminal Law, 16 C. J. pp. 1341 n. 80, 1343 n. 5, n. 12, 1345 n. 42; 17 C. J. p. 107 n. 43.

The specific question presented arises in this way: In the first case he was charged with the violation of R. S. 21-2101 on May 18, 1924. He was tried September 26, 1924, on that charge, found guilty and sentenced. He appealed to the supreme court, where the appeal was dismissed for want of prosecution, and conviction affirmed November 28, 1925. In the case before us the defendant was charged with being a persistent violator on June 29, 1925. He was tried on this charge January 30, 1926, found guilty and sentenced. At the trial, to prove the former conviction, the state offered in evidence the judgment in the first case of September 26, 1924, and the mandate of the supreme court of November 28, 1925, affirming that judgment. Defendant's objection to the introduction of this evidence was overruled. He now makes the point that he was not guilty of being a persistent violator on June 29, 1925, when the charge in the first case was then pending on appeal, which appeal was not finally determined until November 25. The point is not well taken.

The appeal of the first case did not set aside the judgment of conviction therein; it only stayed the enforcement of the sentence imposed by that judgment. (*State v. Alexander,* 84 Kan. 393, 114 Pac. 241.) The conviction in the first case was complete when the court approved the verdict of guilty and pronounced judgment thereon. (*Commonwealth v. McDermott,* 224 Pa. St. 363.) Even in civil cases the rule in this state is that an appeal from a judgment of the district court does not prevent that judgment from being received in evidence in another case. (*Willard v. Ostrander,* 51 Kan. 481, 32 Pac. 1092; *Munn v. Gordon,* 87 Kan. 519, 125 Pac. 7.) Furthermore, at the time of the trial of this case, the appeal in the former case had been disposed of. If there had ever been a question as to whether that conviction should stand, that question was removed before this case was tried. Appellant cites and relies upon *State v. Volmer,* 6 Kan. 379. The statute has been materially modified since that case was decided. Then the statute (Gen. Stat. 1868, ch. 82, § 287) provided that an appeal suspends the judgment (where the sentence was to pay a fine only). Our statute (R. S. 62-1710) now provides only that the execution of the judgment or sentence may be stayed by taking an appeal and giving bond; the judgment or sentence itself is not set aside nor rendered nugatory by appeal. But even in *State v. Volmer,* supra, it was held that if

30—124 Kan.

the conviction in the former case had been affirmed, "then it would have the same effect as though no appeal had even been taken." Here the former conviction had been affirmed before the trial in this case, and the effect of the appeal was as though it had not been taken.

The judgment of the court below is affirmed.