[Crim. No. 51. Fourth Appellate District.—June 18, 1931.]

THE PEOPLE, Respondent, v. JESUS ACOSTA, Appellant.

104

Duckworth & Harrison for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was convicted by a jury of the crime of possession of a still, a felony, and was sentenced to imprisonment at Folsom. He appeals from the judgment and from an order denying his motion for a new trial.

It appears from the evidence that on January 7, 1931, certain officers raided a house in San Bernardino, California, and found therein a still and coil which were still warm, a hydrometer (an instrument usually used to measure the content of alcohol in liquor), a quantity of intoxicating liquor and several barrels of mash. The barrels of mash were sitting in an excavation below the floor, and were covered by the floor-board, which had been loosened. When the officers entered the house, between 7 and 8 o'clock in the evening, they found Mr. and Mrs. Moreno in bed in one of the bedrooms and a Mr. Bejarano in bed in another bedroom. All of these parties denied having anything to do with the still. Moreno testified that he had been promised work at picking oranges by a man named Rivera, and that Rivera told him he could live in his house, rent free. He

had been living there some two weeks before the raid. Bejarano testified that he had come to San Bernardino to look for work and had slept in the house three nights, being absent in the daytime in his search for employment. Moreno testified that Rivera and this appellant had been making liquor in the house on the morning of January 7, 1931; that on the evening of January 7th he saw the appellant working with the still; and that "they made liquor". A police officer testified that some days later he took Rivera into the presence of Moreno and Bejarano and asked them if this was the man who had the still in the house, to which both answered "no". They were then confronted with this appellant and both said he was the man who had the still there. Moreno was tried jointly with this appellant, was found guilty and released on probation, and has not appealed. Bejarano was held to answer on the same charge, but on motion of the district attorney, the charge was dismissed as to him on the ground of the insufficiency of the evidence.

While appellant concedes that the evidence is sufficient to show that he had possession of the still in question, his first contention is that this evidence is largely that of Moreno, Mrs. Moreno and Bejarano; that they were all accomplices; and that their testimony is not sufficiently corroborated under the provisions of section 1111 of the Penal Code.

Aside from these three parties, who are claimed to have been accomplices, testimony was given by Barlota Torres and Mrs. Pasquel Torres. Barlota Torres testified that he went to the house in question on January 7, 1931, at about 5 o'clock in the evening; that he saw appellant and Rivera in the back room of the house making liquor; that they were both around the still; that Rivera was measuring or testing the liquor with a tester to see how high it was getting; and that he sent the appellant on an errand, from which he later returned with a hundred-pound sack of sugar. He also identified the still and the liquor in evidence as being similar to those he saw in the house that night. Mrs. Pasquel Torres stated she had gone to the house on January 3, 1927, where she had seen appellant and Rivera distilling liquor; that she saw the still on the stove;

that this appellant was distilling; and that she saw the liquor dropping from the coil.

We think the testimony of the two witnesses last above referred to constitutes sufficient corroboration of the other witnesses, even if they be deemed to be all accomplices. The corroboration required by section 1111 of the Penal Code need only be slight (*People* v. *Viets,* 79 Cal. App. 576 [250 Pac. 588], and cases there cited). In addition, it may be said that Bejarano was not "liable to prosecution for the same offense" in the sense of there being any hope of success in such a prosecution, and he should not be considered as an accomplice. There is absolutely no evidence in the record which even tends to show that he had anything to do with possessing the still.

Appellant next contends that the court erred in refusing to grant him probation. It appears that in 1927 appellant was charged with the violation of section 146 of the California Vehicle Act, and that after a plea of guilty he was granted probation. It also appears that in December, 1929, in accordance with section 1203 of the Penal Code, he was permitted to withdraw this plea of guilty and enter a plea of not guilty, after which the action was dismissed. In the instant case, the court stated that the application for probation was denied for the reason that it could not be granted under the provisions of section 1203, since the appellant had previously been convicted of a felony. That section provides that probation "shall not be granted to any defendant unless the court shall be satisfied that he has never in any place been previously convicted of a felony". Subdivision 4 of said section reads as follows:

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time prior to the expiration of the maximum period of punishment for the offense of which he has been convicted, dating from said discharge from probation of said termination of said period of probation, be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusation or information against

such defendant, who shall thereafter be released from penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.''

Appellant argues that there can be no conviction until sentence is imposed, relying on the case of *In re Rosencrantz*, 211 Cal. 749 [297 Pac. 15]. That case involved a violation of section 476a of the Penal Code. Under that section the nature of the offense, as to whether or not it is a felony or misdemeanor, is determined by the sentence actually imposed. On the other hand, section 146 of the California Vehicle Act provides that the violation thereof will constitute a felony without any alternative. ■ The word ''conviction'' is usually defined as the legal proceeding of record which ascertains the guilt of the party upon which the sentence or judgment is founded (*People* v. *Rodrigo*, 69 Cal. 601 [11 Pac. 481]). This includes a plea of guilty as well as conviction by a jury, and the language used in section 1203 of the Penal Code plainly shows that such an interpretation is contemplated thereby. ■ Appellant argues that there is a conflict between that part of subdivision 4 of section 1203 which provides that after a defendant has completed his probation and the action has been dismissed, he shall ''thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted'', and the last part of the section, which provides that in any subsequent prosecution for any other offense, such prior conviction shall have the same effect as if probation had not been granted or the action dismissed. We see no conflict here. The provision that the defendant shall be released from all penalties and disabilities resulting from the offense of which he has been convicted, applies to the previous offense which resulted in his being released on probation. It does not apply to any subsequent offense which may be committed by him.

The provision that such prior conviction may be considered in any subsequent prosecution for any other offense is in no way a penalty for the first offense, upon which probation was given. It is simply one of the circumstances surrounding the commission of the second offense. It is usual to make the degree of punishment for any offense dependent upon the circumstances surrounding its commission. For instance, burglary in the night-time is punished differently from burglary in the daytime. In the granting of probation, many circumstances are to be considered in order to determine whether or not the defendant is one to whom such a privilege should be extended. In such determination, whether or not a defendant has or has not profited by a previous lesson and a previous leniency granted, may be much more important than whether or not he has complied with certain instructions during his probationary period. The provision we are here considering merely considers the fact of previous conviction for a felony in connection with the question as to whether a privilege should be granted in connection with a new offense, and it is in no way a further punishment for the former offense, the action in which has been dismissed. The very act providing for such a change of plea and dismissal after a period of probation also provides that such action shall not prevent such a prior conviction being considered upon any subsequent prosecution for any other offense, and that in any such subsequent prosecution, the prior conviction shall have the same effect as if probation had never been granted and as if the action had never been dismissed. In *People* v. *Rosencrantz*, 95 Cal. App. 92 [272 Pac. 786], the court said:

"The defendant denied this conviction and, the issue having been joined, the jury found against the defendant. She now argues that, because she was given probation following that conviction, it might be possible that the plea of guilty had been withdrawn and the charge dismissed. Aside from the fact that it was for the defendant, and not the state, to prove those circumstances if they existed, it is sufficient to say that they are wholly immaterial here. The code section (Pen. Code, sec. 644) relates to a prior conviction of a felony, and not to the manner in which the judgment on the conviction has been expiated. (Pen. Code, sec. 1203, subd. 4.)" (See, also, *People* v. *Payne*, 106 Cal.

App. 609 [289 Pac. 909], and *People* v. *Superior Court,* 208 Cal. 688 [284 Pac. 449].)

In our opinion no error is here shown.

The judgment and order appealed from are affirmed.

Marks, J., and Griffin, J., *pro tem.,* concurred.