[Crim. No. 2538. Second Appellate District, Division Two.—May 29, 1934.]

## THE PEOPLE, Respondent, v. FRANK H. BROWN, Appellant.

Louis P. Russill for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—An amended information was filed by the district attorney of Los Angeles County charging the defendant with the crime of burglary and also with having suffered a prior conviction. Trial by jury was waived and defendant was found guilty as charged. From the judgment of conviction entered and from an order denying his motion for a new trial he has appealed.

 The contention of appellant is that the evidence does not show a crime was committed.

Jack K. Lawson, the complaining witness, and defendant lived in the same apartment house, Lawson in apartment No. 108, with one John Skou, and defendant ·in No. 106. Lawson left his apartment at 10 A. M. on the day in question and a certain radio and an alarm clock, both belonging to him and introduced in evidence, were then in his rooms. Shortly before midnight Ladocia Shuck, who lived on the third floor of the apartment house and on the opposite side thereof from the apartment of defendant and Lawson, heard glass breaking, which she thought might be "a couple of automobiles", went to the window to look out and saw a lady on the ground floor calling the night watchman. She later went up on the roof and from there saw a man "come out of the window at 106 and enter the window of 108", after which "he put on the light". This was shortly before midnight. Approximately five minutes later the officers arrived. They found no one in Lawson's apartment, but did find one rear window ajar. Proceeding to apartment 106 they knocked, but no one answered. After two or three minutes a woman came to the door and asked what was wanted, to which they responded that they were officers and wanted to come in. The woman told them in answer to a question that there was no one in the apartment excepting a sick baby and herself. She finally opened the door slightly and one of the officers blocked it open with his foot. After a short conversation, the officers went in, finding defendant sitting on a bed, in his pajamas. The woman said they had not been out of the apartment. It was not then known that the radio and clock had been taken from Lawson's apartment. Lawson and Skou returned at about 2 o'clock A. M. and discovered that such articles were missing. Lawson also noticed some "muddy footprints" starting "at the window" and leading out "the door of the apartment and to the door of the next apartment". He also saw tracks outside the window which "led from the window of the apartment next to this one". The glass of the window "was cracked" and "it looked like the window had been pried open". Police officers were called and with Lawson went to defendant's apartment, where the radio and clock were found in a cupboard in the kitchen.

Defendant denied knowing anything about the articles, stating that he had been away all evening and that a sailor friend of his and a girl had been there. It is to be noted that this statement conflicts with the story told the first officers by the woman in defendant's presence and not then denied by him. Defendant also testified that he was away all evening and did not return until about 9:30 P. M., and that the sailor and girl were there during such absence. In view of the fact that he made no claim that the sailor was there after 9:35 P. M., and the fact that there is evidence from which one might well conclude that the actual entry and taking occurred at midnight, the court evidently disbelieved the story about the sailor and treated it as an attempt to shift all responsibility from defendant for the presence of the radio and clock in his apartment. We are of the opinion that there was ample evidence to sustain the implied finding that the crime charged was committed and that defendant was the actor.

█ Appellant urges that inasmuch as defendant on the offense charged as a prior conviction was put on probation without sentence imposed, the question is open for this court to decide if it constitutes a prior conviction of a felony. Apparently the trial judge did not take such conviction into consideration in imposing sentence, as he recommended a minimum sentence, and it was apparently pleaded in the information so that it might be considered in connection with the subsequent offense charged if conviction resulted, as to whether defendant was entitled to probation. (*People* v. *Acosta*, 115 Cal. App. 103, 108 [1 Pac. (2d) 43].) The former offense, being a violation of section 146 of the California Vehicle Act, is made a felony by the terms of the act itself, and under section 1203 of the Penal Code the court was powerless to grant probation.

Judgment and order affirmed.

Stephens, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 12, 1934.