**Dewey Scott FRAZIER, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

June 8, 1972.

Certiorari Denied by Supreme Court
Sept. 18, 1972.

Thomas F. Smith, Kingsport, for plaintiff in error.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Blountville, for defendant in error.

## OPINION

MITCHELL, Judge.

Dewey Scott Frazier was given a full and complete evidentiary hearing on his habeas corpus petition which was treated as a complaint under the Post Conviction Procedure Act. At the hearing Frazier was represented by court appointed counsel. It was expressly agreed by Frazier and his counsel and the district attorney that the hearing be held on the records of the cases and stipulations made by the parties.

Dewey Scott Frazier, who will be referred to as the petitioner, represented by court appointed counsel, has appealed the dismissal, after an evidentiary hearing, of his post conviction petition, from the Criminal Court of Sullivan County, Tennessee, Honorable John K. Byers, Judge Presiding.

In his petition Frazier alleged he was convicted in the Criminal Court of Sullivan County under the habitual criminal statute upon which a sentence of life imprisonment was imposed. That the prior convictions proven against him and used to convict him under the Habitual Criminal Statute were (1) Crime of forgery July 1964 and a sentence of one year and one day in the penitentiary. (2) Crime of burglary July 1964 and a sentence of three years in the penitentiary. (3) Crime of burglary and grand larceny April 4, 1967 with a sentence of three years in the penitentiary.

The petitioner alleged in his petition that the April 4, 1967 conviction of burglary and grand larceny and sentence of three years in the penitentiary was appealed and pending at the time of his conviction as a

habitual criminal and should not have been considered on the habitual criminal charge.

The petitioner's habitual criminal conviction was affirmed by us and certiorari denied April 5, 1971 and reported as Frazier v. State, Tenn.Cr.App., 466 S.W.2d 535. Numerous errors were assigned but no assignment of error was made on the introduction in evidence of the April 4, 1967 burglary conviction about which he now complains in his petition.

The petitioner Dewey Scott Frazier, since his September 12, 1968 conviction under the habitual criminal statute, has filed several post conviction petitions but in them he has failed to make any complaint about the introduction in evidence of the April 4, 1967 burglary conviction.

The petitioner has made no excuse or explanation of his failure to raise this question either on direct appeal or in any of his prior post conviction proceedings.

■ We hold that the petitioner by his failure to raise any question on the April 4, 1967 burglary conviction on his direct appeal and in any of his prior post conviction petitions has waived his right to now rely on that question.

■ If it was error to admit evidence of a prior conviction which was yet undetermined on appeal, but which has since been affirmed, it was only harmless error, and the conviction having since been affirmed, the error was thereby cured.

We quote the following extract from 24B C.J.S. Criminal Law § 1966 in support of our action.

"Appeal pending. While it has been held that testimony showing a former conviction and sentence is competent until it develops than an appeal is pending, where an appeal from a former conviction is pending, the record of such conviction has been held not admissible in evidence for the purpose of showing that accused is guilty of a second offense, but where a judgment of conviction is not vacated by an undetermined error proceeding, a record of conviction was held admissible although pending on proceedings in error to review the conviction."

In People v. Morlock the Supreme Court of Michigan (1926) 234 Mich. 683, 209 N. W. 110. Under Michigan's rule enhancing the punishment for second offenses, the Court held that the prior conviction, though on appeal, could be made the basis of a first conviction. There the Court said:

"The complaint, warrant, and information charged the violation as a second offense. The prosecution offered in evidence the journal entry of the circuit court for Hillsdale county, which showed that the defendant had been therein convicted of a violation of the Prohibition Law on March 10, 1925. It appeared that the defendant had removed this case to the Supreme Court on exceptions before sentence, and it was then undecided. It was later affirmed. 233 Mich. 284, 206 N.W. 538. It was urged that, until affirmed on review, it could not be made the basis of a first conviction. The holding of this court in People v. Adams, 95 Mich. 541, 55 N.W. 461, is adverse to this contention. It was cited with approval in People v. Farrell, 146 Mich. 264, 290, 109 N.W. 440."

In a similar case in People v. Clapp, 67 Cal.App.2d 197, 153 P.2d 758 (1944) where the California Code required that a pending indictment include all prior felonies of which the defendant had been convicted.

The Court said:

"Appellant contends that at the time of the filing of the information and at the time of the trial he had not been convict-

ed because his judgment of conviction in the former case was on appeal. This contention has been disposed of repeatedly. People v. Ward, 134 Cal. 301, 66 P. 372; Ex parte Brown, 68 Cal. 176, 8 P. 829; People v. Acosta, 115 Cal.App. 103, 1 P.2d 43. The jury, or the court where a jury has been waived, convicts the accused, Penal Code, §§ 689, 1157. Conviction does not mean the judgment based upon the verdict, but it is the verdict itself. People v. Ward, supra, 134 Cal. at page 308, 66 P. 372. It is the ascertainment of guilt by the trial court. People v. Acosta, supra. A person has been convicted even though the judgment should be suspended during appeal, Ex parte Brown, supra, or while the convict is on probation. People v. Christman, 41 Cal.App.2d 158, 106 P.2d 32. In the case of People v. Braun, 14 Cal.2d 1, 92 P.2d 402, it was held that although an adverse judgment in a former case was on appeal a prior conviction might be shown for the purpose of impeachment. A judgment though not final may be proved for any purpose for which it is effectual. People v. Braun, supra; McKannay v. Horton, 151 Cal. 711, 721, 91 P. 598, 132 L.R.A.,N.S., 661, 121 Am. St.Rep. 146. The courts of other jurisdictions have likewise upheld the practice of alleging the prior conviction even though the judgment based thereon was on appeal at the time of the trial for the second offence. State v. Eisminger, 124 Kan. 464, 260 P. 661; State v. Smith, 128 Or. 515, 273 P. 323; People v. Morlock, 234 Mich. 683, 209 N.W. 110; Shaffer v. State, 124 Neb. 7, 244 N.W. 921."

We held in Jimmy W. Patterson v. State heard at the October 1971 term at Jackson, in an opinion by Judge Charles Galbreath that:

"TCA Sec. 40–3811 permits the trial judge in a post conviction proceeding to exclude evidence on grounds set out in the petition which 'the court finds should be excluded because they have been waived or previously determined.' It is apparent that the issue relied on here was fully litigated at the trial, and that the failure of private counsel to raise any objection or appeal from the determination amounts to a waiver of any constitutional right involved. As the Supreme Court of Oregon has noted:

'. . . . Any other rule would destroy the possibility of giving any finality to the trial process. The defendant's attorney could fail to object to the admission of constitutionally objectionable evidence, secure in the knowledge that his client always had an anchor to windward guaranteeing him a new trial if the jury's verdict was adverse.'

'This procedural rule would be completely eroded by permitting the granting of relief in post-conviction proceedings in the absence of an objection at trial. It would be senseless to require an objection to the evidence as a prerequisite to the assertion of error on appeal if the necessity for such an objection could subsequently be avoided by instituting an application for post-conviction relief. . .'

North v. Cupp [254 Or. 451] 461 P.2d 271."

We now turn to the question of whether the five separate burglary convictions to which the petitioner pleaded guilty, where the offenses were all committed on the same date, were one offense or five offenses. The proof indicates all five of the burglaries were committed the same date against separate tenants in the same building.

Pertinent provisions of T.C.A. § 40–2801 provide as follows:

". . . and provided, further, that each of such three (3) convictions shall

be for separate offenses, committed at different times, and on separate occasions."

In Morelock v. State, 2 Tenn.Cr.App. 423, 454 S.W.2d 189, in an opinion by Judge Robert K. Dwyer, concurred in by Judge W. Wayne Oliver and Judge William S. Russell, we said:

"The seventh assignment of error complains of the convictions being had on the same date and day, therefore being one conviction. We have examined the record in this and find that the court charged the jury that three of the convictions complained of (that is, the burglary in the third degree in which the two felonious assaults occurred) should only be considered by the jury as one offense. The attorney general agreed to this action taken by the court. We find from our review of the charge as given to be a full and fair review of the law applicable to the issues. We further find that there were three prior felony convictions plus the one returned on the first count of the indictment. We find no prejudicial error in the charge as given in this record. The assignment of error is accordingly overruled."

 We hold that the five convictions on pleas of guilty of five burglaries all committed on the same date should be considered as only one offense for the purpose of the habitual criminal prosecution. Therefore the Trial Court erred in ruling that these five convictions could be counted as felonies required for conviction under the habitual criminal statute. See T.C.A. § 40–2801 Supra.

Having held that the petitioner has waived his right to question the validity of the April 4, 1967 burglary conviction, and having held that admission of evidence of this burglary conviction was harmless under T.C.A. § 27–117, we hold that the State has shown a sufficient number of prior felony convictions to support the petitioner's conviction under the habitual criminal statute.

The judgment dismissing the petition is affirmed.

RUSSELL, J., and JOE D. DUNCAN, Special Judge, concur.