STATE OF NEBRASKA, APPELLEE, V. LEON R. ONDRAK, APPELLANT.

326 N.W.2d 188

Filed November 12, 1982. No. 82-163.

Dennis R. Keefe, Lancaster County Public Defender, and James L. Foster, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

Appellant, Leon R. Ondrak, was convicted in the District Court for Lancaster County, Nebraska, of operating a motor vehicle while under the influence of alcoholic beverages (DWI). He was sentenced as a third offender to probation for 18 months, 60 days in the county jail, ordered not to drive any vehicle in the State of Nebraska for 6 months, and also had his license revoked for 6 months. The appeal followed, with a single assignment of error that one of the certified copies of his prior convictions was insufficient to prove his habitual offender status because it did not expressly show that the trial court made a finding of guilt. We affirm.

At the hearing to determine whether the appellant had been convicted twice previously of DWI offenses, the State offered two exhibits which were certified copies of court records. The exhibit which was objected to, and the one at issue, states as follows: "CHARGE: 7/24/77, operate or was in actual physical control of a motor vehicle when he/she had .10% or more by weight of alcohol in his/her body fluid as shown by chemical analysis of his/her blood, breath or urine. DISPOSITION: 8/1/77, plead nolo contendere. Fined $100 & costs, ordered not to drive any motor vehicle in Nebraska for any purpose for six months. Neal H. Dusenberry, Judge."

The ground for appellant's objection to the admission of the certified copy into evidence as a prior conviction is that the record failed to show that the Lincoln Municipal Court had rendered judgment on his plea of nolo contendere. The District Court overruled the objection and found that the appellant had

been convicted of two previous offenses as alleged in the information.

Where conviction of a previous crime is an essential element of the crime charged, proof of prior convictions is properly made by offering in evidence the complaint or information, judgment rendered on the verdict or plea of guilty, evidence that the judgment has become final, and that the defendant in an earlier conviction is the same person presently before the court. *State v. Lee,* 195 Neb. 348, 237 N.W.2d 880 (1976); *Danielson v. State,* 155 Neb. 890, 54 N.W.2d 56 (1952).

We recognize that there is a conflict of authority upon this question in other jurisdictions. However, we have adopted what we feel to be the better rule, and that is that making a plea of guilty is "the equivalent of a conviction by trial and verdict or a finding of guilt by the court." *Stewart v. Ress,* 164 Neb. 876, 881, 83 N.W.2d 901, 903 (1957). The appellant concedes that convictions founded upon a plea of nolo contendere are the same as a plea of guilty in that they may be used to support an enhanced sentence. See *State v. Orosco,* 199 Neb. 532, 260 N.W.2d 303 (1977). There is also support for this position in other jurisdictions. "The cases generally hold that a plea of nolo contendere followed by judgment or the pronouncement of sentence upon that plea amounts to a conviction." Annot., 5 A.L.R.2d 1080 at 1103 (1949).

In a case with somewhat similar facts, the Michigan Supreme Court in *People v. Adams,* 95 Mich. 541, 55 N.W. 461 (1893), allowed a prior conviction to be proved by a judgment "which showed that, upon a plea of guilty, respondent had been ordered to pay a fine of $100, and costs in the sum of $25, and, in default of payment of said sums, to be confined in the common jail until such fine and costs were paid." *Id.* at 542, 55 N.W. at 461.

While it appears that the municipal court in this

case did not expressly pronounce the appellant guilty before sentencing, the judgment sentencing the appellant to a fine of $100 and an order not to drive any motor vehicle in Nebraska for any purpose for 6 months sufficiently implied the judgment of guilt. *Ex parte Roberson,* 123 Ala. 103, 26 So. 645 (1898).

Though it would be the better practice for the trial judge to expressly adjudge a defendant guilty before rendering sentence, an implied judgment of guilt results where there appears a valid sentence in proper form by the court after a verdict of guilty by a jury or a plea of guilty or nolo contendere by the defendant. *Ex parte Roberson, supra; Poellnitz v. State,* 48 Ala. App. 144, 262 So. 2d 631 (1972).

The judgment of the trial court is affirmed.

AFFIRMED.

McCOWN, J., participating on briefs.