# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1912.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH, .
HON. SILAS W. PORTER,    }JUSTICES.
HON. ALFRED W. BENSON,
HON. JUDSON S. WEST,

LILLIE GORDON MUNN et al., *Appellants,* v. JENNIE S. GORDON, *Appellee.*

No. 16,982.

SYLLABUS BY THE COURT.

1. PLEADINGS — *Judgment—Estoppel—Evidence.* A judgment pleaded as an estoppel is admissible in evidence although an appeal therefrom is pending and execution of the judgment is stayed

2. ——— *Same.* The reversal of the judgment afterward is not a ground for reversing a judgment rendered in the action in which the first judgment was admitted in evidence, where another trial of the action in which it was rendered has resulted in the same judgment.

3. EQUITABLE ACTION—*Findings of Jury—Advisory only.* In an action where the findings of a jury are only advisory, and the court has made independent findings upon the same issues, upon the same evidence, and rendered judgment thereon, any error in refusing further instructions relating to the burden of proof is immaterial.

Appeal from Shawnee district court. Opinion filed July 6, 1912. Affirmed.

*Robert Stone, D. R. Hite, D. W. Mulvane, C. E. Gault,* and *James A. Troutman,* all of Topeka, for the appellants.

*S. H. Allen,* and *J. B. Larimer,* both of Topeka, and *A. E. Crane,* of Holton, for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action to cancel two deeds of conveyance bearing date of December 20, 1907, made by G. S. Gordon to his wife, Jennie S. Gordon, the appellee. One of these deeds conveyed the homestead upon which the grantor and grantee resided. The other deed conveyed one hundred and twenty acres of land. Mr. Gordon died on March 26, 1908, leaving his daughter, appellant Lillie Gordon Munn, and the appellee his only heirs. Mr. Gordon and the appellee were married on June 30, 1898. He was then seventy-two years of age and she was thirty-eight. Both had been previously married, and the appellee had been twice divorced.

The grounds upon which the appellants ask to have the deeds canceled are the allegations that the grantor was of unsound mind when they were signed, and that they were obtained by fraud and undue influence. It is stated in the petition that Mr. Gordon was decrepit from age and infirmities; that he was mentally and physically incompetent for more than a year before his death, and that the appellee, taking advantage of his incapacity and his dependence upon her, induced him to sign the deeds when he was not of sound mind; and further, that she withheld from him the fact that she had been twice married and twice divorced, or that the legality of both divorces was questioned, or that any doubt existed about her legal right to enter into the marriage with him, which he believed to be legal; that she was thereby able to exert an influence over him which would have been impossible had he been informed of the facts concerning these prior mar-

Munn v. Gordon.

riages and divorces, and had not been influenced by the mistaken belief that she was his lawful wife. The delivery of the deeds was denied.

The answer contained a general denial and pleaded a former adjudication in an action of partition in the same court between the same parties, wherein it was finally determined that the appellee was the widow of G. S. Gordon.

The reply, among other things, stated that the judgment in partition had been vacated by an order superseding it, entered in this court upon appeal.

The district court submitted to a jury the question whether the grantor was of sound mind and memory when he executed the deeds—whether they were made and signed by means of undue influence of the appellee, and whether they were obtained by fraud.

The jury found that the grantor was of sound mind and that the deeds were not made or signed by means of undue influence nor obtained by fraud. The court also made findings that the deeds were delivered to the appellee by her husband on or about December 19, 1907; that neither of them was obtained by fraud or undue influence; and that the grantor was of sound mind and continued to attend to his affairs until confined to his bed by his last illness, beginning February 19, 1908; and concluded from all the findings that the appellants were not entitled to relief. Judgment was thereupon rendered for the appellee.

The appellants allege error in the admission in evidence of the judgment in the partition suit, because an appeal therefrom was then pending, and the judgment was afterwards reversed, of which facts this court should take judicial notice. The ruling was not erroneous. The appeal and stay of execution did not destroy or suspend the effect of the judgment as evidence. (*Willard v. Ostrander,* 51 Kan. 481, 32 Pac. 1092; *The State v. Lawrence,* 76 Kan. 940, 92 Pac. 1131.) It is true that the judgment was afterwards

reversed (*Gordon v. Munn*, 83 Kan. 242, 111 Pac. 177), but since the reversal that case has again been tried and the same judgment rendered, which judgment, so far as it establishes the validity of the marriage, is now affirmed (*Gordon v. Munn*, post). By the same rule of judicial notice invoked by the appellants, notice may be taken of the fact that another judgment to the same effect, in the same action, upon the same issues, has been rendered and affirmed. The ruling admitting the evidence was clearly right when made, and if the same question should be presented in a new trial the ruling would be the same. Therefore another trial should not be granted because of the admission of that testimony.

Error is alleged in the instructions placing the burden of proof upon the appellants. It is not denied that the burden of proof was first upon the appellants, but it is insisted that when the age and infirmity and dependence of the grantor upon his wife, the confidential relations existing between them, and want of consideration were shown, the burden shifted to the appellee to prove good faith and the absence of undue influence and fraud. The findings of the jury were only advisory. (*Medill v. Snyder*, 61 Kan. 15, 58 Pac. 962; *Hospital Co. v. Phillippi*, 82 Kan. 64, 107 Pac. 530.) The court having made independent findings upon consideration of the same evidence, any error in refusing the instructions asked for is immaterial. An opinion upon the abstract question of law involved in the request could not affect the result.

It is earnestly argued that this court should examine and weigh the evidence and determine the facts although concurrently found by the jury and the court. There was competent testimony to support the findings, both the jury and the court believed it, and although there was also evidence to the contrary, the findings will not be set aside.

The judgment is affirmed.