In re Joseph S. BATHALTER, Jr., Debtor.

NATIONAL ACCEPTANCE COMPANY OF AMERICA, Plaintiff,

v.

Joseph BATHALTER, Jr., Defendant.

No. C2–90–707.
Bankruptcy No. 2–87–00538.

United States District Court, S.D. Ohio, E.D.

Dec. 20, 1990.

See also 91 B.R. 820.

Michael A. Reiter, Lynne M. Baker, Hollbe and Coff, Chicago, Ill., Susan Cultice Brown, Zanesville, Ohio, for plaintiff.

Brent Allan Stubbins, Zanesville, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This matter is before the Court upon Notice of Appeal pursuant to 28 U.S.C. § 158(a). Appellant seeks this appeal from the Opinion and Order on Motion for Summary Judgment entered the 1st day of August 1990.

Upon consideration and being duly advised, this Court finds the appeal not well taken and is DENIED.

## FACTS

The pertinent facts are as follows:

On September 4, 1979, National Acceptance Company of America ("NAC") filed a complaint in the District Court for the Northern District of Illinois, alleging that the Debtor, Joseph S. Bathalter, Jr. ("the Debtor"), engaged in a large-scale scheme to defraud NAC while employed as its vice president and loan officer. Specifically, the complaint alleged that the Debtor, as vice president of the Chattel Mortgage Loan Department, granted loans to entities

which he secretly owned or controlled and which were never repaid; approved loans to individuals with whom he was involved in business ventures and concealed the borrowers' inability to repay the loans; caused loans to be made to these same entities for the purchase of fictitious equipment; granted loans to entities which then paid a "kick back" to the Debtor; approved loans to finance the purchase of the same equipment more than once; and caused the sale of secured collateral without remitting the proceeds of the sales to NAC. NAC's complaint requested damages of $8,646,211.83.

Debtor answered the complaint but asserted his constitutional privilege against self-incrimination in response to most of its allegations. The District Court granted the Debtor additional time to reconsider his response to NAC's complaint. However, after reasserting his Fifth Amendment Privilege, the court granted NAC judgment on the pleadings.

On appeal, the Court of Appeals for the Seventh Circuit vacated the District Court judgment. The Seventh Circuit concluded that "a judgment imposing liability cannot rest solely upon a privileged refusal to admit or deny at the pleading stage ... defendant's claim of privilege should not have been deemed an admission, and that plaintiff should have been put to its proof, either by way of evidentiary support for a motion for summary judgment or at trial." *National Acceptance Co. v. Bathalter*, 705 F.2d 924, 932 (7th Cir.1983).

On February 15, 1984, NAC filed a motion for summary judgment in the District Court ("District Court Motion"). Extensive evidence, including nine volumes of documents, deposition excerpts, and affidavits, was submitted by NAC in support of the District Court Motion. The Debtor submitted no evidence in opposition to the District Court Motion but again invoked his Fifth Amendment Privilege. The Debtor argued that he was unable to respond to the motion without waiving that privilege.

On September 19, 1984, the District Court issued its Memorandum Opinion and Order ("Memorandum Opinion") granting summary judgment in favor of NAC. The Court reviewed the voluminous evidence supporting the motion and, finding no genuine issues in dispute, granted the motion. In so doing, the Court determined that the Seventh Circuit Court of Appeals had stated that NAC could present its complaint by way of a motion for summary judgment, strongly implying, at the very least, that the Debtor could not rely upon his Fifth Amendment Privilege alone to shield him from an adverse judgment. The District Court agreed with the Seventh Circuit's conclusions. Accordingly, a Judgment Order was entered in favor of NAC and against Debtor in the amount of $8,646,-211.83.

On February 9, 1987, the Debtor filed a voluntary petition for relief in the Bankruptcy Court for the Southern District of Ohio pursuant to Chapter 7 of the Bankruptcy Code.

On January 19, 1989, NAC submitted its Motion for Summary Judgment with respect to its complaint against Debtor Bathalder. The Debtor, on August 30, 1989, filed an opposing Memorandum Contra. On September 25, 1989, NAC filed its Reply Memorandum.

On August 1, 1990, the Bankruptcy Court issued an Opinion and Order on Motion for Summary Judgment. Judge Cole found that the September 19, 1984, Memorandum Opinion of the District Court of the Northern District of Illinois addressed and resolved the facts and issues presented in the adversary proceeding below. On that basis the Bankruptcy Court ruled·that the doctrine of collateral estoppel prohibited the relitigation of those same issues previously raised and determined by the District Court. Accordingly, the Bankruptcy Court granted NAC's Motion for Summary Judgment. In doing so, Judge Cole determined that the amount of $8,646,211.83 owed by Debtor Bathalter to NAC as a result of the Judgment Order of the District Court was a non-dischargeable debt under § 523(a) of the Bankruptcy Code. It is from this Opinion and Order that Appellant Bathalter brings this appeal.

## LAW AND ANALYSIS

28 U.S.C. § 158(a) provides in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgment, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under Section 157 of this title.

■ Judge Cole's August 1, 1990, Opinion and Order on Motion for Summary Judgment is a final order for the purposes of this appeal and is deemed to be in compliance with § 158(a) above. A complete review of the Record on Appeal has been conducted.

Appellant contends that the Bankruptcy Court erred: (1) in finding that there were no material facts in dispute; (2) in the application of the collateral estoppel doctrine to the Summary Judgment granted by the District Court; and (3) in finding the debts are therefore not dischargeable by the Bankruptcy Court. This Court will address each of these three arguments *seriatim*.

### I. SUMMARY JUDGMENT

Bankruptcy Rule of Civil Procedure 7056(c) provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that the moving party is entitled to judgment as a matter of law. (emphasis added)

■ As the Bankruptcy Court below correctly observed, there has been significant developments in addressing summary judgment matters. The general position of the Supreme Court provides a standard that does not allow "the mere existence of *some* alleged factual dispute between the parties (to) defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Indeed, the Bankruptcy Court correctly looked to *Gilbert v. New England Mutual Life Ins. Co.* which stated:

> On the whole, these decisions reflect a salutary return to the original purpose of summary judgment. Over the years, decisions requiring denial of summary judgment if there was even a suggestion of an issue of fact had tended to emasculate summary judgment as an effective procedural device to determine the appropriate standard. 111 B.R. 665 (Bankr.S. D.Ohio 1990).

In the instant matter it is the burden of the Appellant to present a "genuine issue as to any material fact." Bankruptcy Rules of Civil Procedure 7056(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). It is the finding of this Court that Appellants failed to meet this burden. Indeed, a careful and thorough review of the quite voluminous Record on Appeal can leave little doubt that Appellants lacked the ability to substantially contest any material fact.

This Court finds that the standard of summary judgment was correctly applied by the Bankruptcy Court.

### II. COLLATERAL ESTOPPEL

The Court will now examine the decision of the Bankruptcy Court to apply the doctrine of collateral estoppel relying upon the Summary Judgment Order of the District Court.

■ In 1981, the Sixth Circuit articulated a clear standard that must be put forward to apply collateral estoppel in a dischargeability case. *Spilman v. Harley,* 656 F.2d 224 (6th Cir.1981). The standard finds its form in a three part test which requires that (1) the precise issue must have been raised in the prior proceeding; (2) it must have been actually litigated; and (3) the determination must have been necessary to the outcome. *Id.* at 228. There is no con-

test by the Appellant, nor this Court, to the determination by the Bankruptcy Court that the precise issues for a dischargeability proceeding were raised in the District Court. Rather, Appellant asserts that the second and third requirements have not been met.

■ Appellant's brief indicates that there was no actual litigation as a result of his choice to invoke his Fifth Amendment Privilege in response to the complaint—thus, allegedly denying him of any defense to the charges and therefore a lack of actual litigation—during the summary judgment proceedings. *In re Kroh* made it clear that a party can not avoid judgment simply because the Fifth Amendment shield has been invoked. 89 B.R. 808, 813 (Bankr.W.D.Mo.1988). *See also Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Further, the Record on Appeal is replete with demonstrations that the Appellant led a spirited defense throughout all relevant proceedings. Hence, the summary judgment order in the instant matter fully satisfies the actually litigated requirement in the *Spilman* test. *See Mayer v. Distel Tool and Machine Co.,* 556 F.2d 798 (6th Cir.1977); *Prakash v. American University,* 727 F.2d 1174 (D.C. Cir.1984).

■ Appellant further contests that the final *Spilman* test, requiring that the issue be necessary to the determination of the outcome, has been fulfilled. In entering its Judgment Order, the District Court made no effort to exclude from the summary judgment determination those charges of actual fraud, breach of fiduciary duty, embezzlement, and willful and malicious injury found throughout the Record on Appeal which were critical to the outcome of those proceedings. Indeed, the District Court did make reference to these same allegations listed above in its Memorandum Order. There is no reason to dispute the Bankruptcy Court's finding that, "in entering summary judgment for NAC, the district court necessarily found that the Debtor, while acting in a fiduciary capacity, willfully and maliciously perpetrated a fraud upon NAC."

It is the determination of this Court that the Bankruptcy Court correctly applied the *Spilman* test. It is clear that the three part test to determine the applicability of collateral estoppel was met and there is no reason to allow relitigation of the facts. Indeed, this Court notes that the Supreme Court in *Brown v. Felsen,* 442 U.S. 127, 139, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979), specifically bars the Bankruptcy Court through the doctrine of collateral estoppel from relitigating issues previously determined by another court of competent jurisdiction.

## III. DISCHARGEABILITY

■ 11 U.S.C. § 523(a)(2)(A) provides in pertinent part as follows:

(a) A discharge under § 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

An application of § 523 to the established facts, provided in the Record and affirmed here, can lead to no other conclusion than that the Appellant obtained money or property through fraudulent conduct. As such it is the ruling of this Court that Appellant's debt is *not* dischargeable under § 523(a)(2)(A).

## CONCLUSION

This Court being in complete agreement with Judge Cole's thorough opinion finds no error by the Bankruptcy Court. Indeed, it is the intention of this Court to adopt Judge Cole's well reasoned opinion as the applicable standard herein.

WHEREFORE, UPON BEING DULY ADVISED, the Opinion and Order on Motion for Summary Judgment issued by the

Bankruptcy Court on August 1, 1990, is hereby AFFIRMED.

IT IS SO ORDERED.