**In re James RUTLEDGE, Dixie Rutledge, Debtors.[1]**

**Steve Miles, Miles Environmental, Inc., Plaintiffs,**

v.

**James Rutledge, Dixie Rutledge, Defendants.**

**Bankruptcy Nos. 97–20997–JTF, 97–20998–JTF.
Adversary Nos. 97–6217, 97–6218.**

United States Bankruptcy Court, D. Kansas, Kansas City Division.

July 9, 1999.

---

**1.** Defendant James Rutledge's bankruptcy case was consolidated with defendant Dixie Rutledge's bankruptcy case by an Order of this court on February 10, 1998.

William E. Pray, Leavenworth, Kansas, for Debtors/Defendants.

Paul M. Hoffman of Morrison & Hecker, L.L.P., Kansas City, Missouri, for Plaintiffs.

## MEMORANDUM OPINION [2]

JOHN T. FLANNAGAN, Bankruptcy Judge.

This matter is before the court on the renewed motions for summary judgment of plaintiffs Steve Miles and Miles Environmental, Inc. (hereinafter collectively referred to as "plaintiffs") against debtors James Rutledge and Dixie Rutledge. Plaintiffs move for summary judgment to determine the dischargeability of a debt. The debtors/defendants, James Rutledge and Dixie Rutledge, have filed a response, and the plaintiffs have filed a reply. The matter is now ready for ruling. For the reasons set forth below, the plaintiffs' motion for summary judgment is granted.

### I. Factual Background

The debt at issue is a $1,184,829 judgment entered in the plaintiffs'· favor against both debtors in a state court action brought in the District Court of Leavenworth County. In that action, plaintiffs Steve Miles and Miles Environmental, Inc., sued James and Dixie Rutledge for breach of various agreements entered into by the parties in connection with plaintiffs' purchase of the Rutledges' business, Rutledge Backhoe. Plaintiffs' state court petition also included a cause of action for fraud and fraud in the inducement, wherein plaintiffs asserted, *inter alia:* that the Rutledges made certain representations and promises as statements of existing and material fact that were in reality false; that the Rutledges, knowing the representations to be false, made the representations intentionally for the purpose of inducing plaintiffs to rely and act upon them in purchasing the business; and that the plaintiffs reasonably relied upon the representations by entering into the various agreements with the result that they were damaged.

Plaintiffs and the debtors stipulate that the District Court of Leavenworth County entered the findings of fact and conclusions of law as reflected in that court's Findings of Fact and Conclusions of Law filed September 1996. The parties further

2. Debtors/defendants James Rutledge and Dixie Rutledge appear by their attorney, William E. Pray, Leavenworth, Kansas. Plaintiffs Steve Miles and Miles Environmental, Inc., appear by their attorney, Paul M. Hoffman of Morrison & Hecker, L.L.P., Kansas City, Missouri.

stipulate that the District Court of Leavenworth County entered the findings contained in its Journal Entry filed November 19, 1996. The Journal Entry held, in part:

The Court finds there is clear and convincing evidence that defendants James Rutledge, Dixie Rutledge and Rutledge Backhoe and Septic Tank Services, Inc. (hereinafter "Rutledge Backhoe"), in connection with the sale of Rutledge Backhoe to plaintiffs, made false and untrue representations as statements of existing and material fact and had knowledge of material facts which plaintiffs did not have and which plaintiffs could not have discovered by the exercise of reasonable diligence; that the representations were known to be false or untrue by defendants, or were recklessly made without knowledge concerning them; that defendants were under an obligation to communicate the material facts to plaintiffs; that the representations were intentionally made for the purpose of inducing plaintiffs to act upon them, and defendants intentionally failed to communicate to plaintiffs the material facts; that defendants caused willful and malicious injury to plaintiffs; that plaintiffs reasonably relied and acted upon the representations; that plaintiffs justifiably relied upon defendants to communicate the material facts to plaintiffs; and that plaintiffs sustained damage by relying upon the representations and as a result of defendants' failure to communicate the material facts to plaintiffs.[3] The court further orders, adjudges, and decrees that plaintiffs have sustained damages as a result of defendants' fraudulent conduct and are entitled to judgement against all defendants and an award of monetary damages to compensate plaintiffs for their out-of-pocket expenses and losses in the total sum of $1,184,829 incurred as a result of plaintiffs' reliance on defendants' fraud ... [4]

The plaintiffs contend that the $1,184,829 debt is nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code.

## II. *Summary Judgment Standards*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] A factual dispute is "material" only if "it might affect the outcome of the suit under the governing law."[6]

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact.[7] Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."[8] An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.[9] This inquiry necessarily implicates the substantive evidentiary

---

3. Journal Entry of Judgment filed November 19, 1996, at 2.

4. *Id.* at 3.

5. FED. R. CIV. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). RULE 56 of the FEDERAL RULES OF CIVIL PROCEDURE governs summary judgments and is made applicable to bankruptcy adversary proceedings through RULE 7056 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE.

6. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

7. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. Watonga,* 942 F.2d 737, 743 (10th Cir. 1991).

8. *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505.

9. *Id.* at 248, 106 S.Ct. 2505.

standard of proof that would apply at trial.[10]

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."[11] The nonmoving party may not rest on his pleadings but must set forth specific facts.[12]

The court "must view the record in the light most favorable to the part[y] opposing the motion for summary judgment."[13] "In response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial."[14] The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.[15]

### III. *Discussion*

■■■ As a threshold matter, the Rutledges contend that this court should not entertain plaintiffs' renewed motion for summary judgment because the court denied the original summary judgment motion for failure to comply with the court's local rules.[16] The Rutledges rely upon the proposition that "[t]he court may exercise its discretion to deny renewed motions for summary judgment when the initial motions were denied, in effect, for inexcusable neglect to comply with the local and national rules."[17] The Rutledges, however, acknowledge that courts do have discretion to allow a party to renew a previously denied summary judgment motion. This court, in exercising its discretion, has determined that it should consider plaintiffs' renewed motion for summary judgment. Plaintiffs move for summary judgment on the basis of the state court's findings of fraud in the state court litigation. Plaintiffs contend that summary judgment is appropriate because the merits of their claim have been determined by the Leavenworth County District Court and should be entitled to collateral estoppel effect in this adversary proceeding to determine dischargeability. This court must therefore determine whether the state court's findings should be given preclusive effect under the doctrine of collateral estoppel. The doctrine of collateral estoppel requires the court to refrain from relitigating factual matters already decided in a previous state court proceeding.[18] "Collateral estoppel is binding on the bankruptcy court and precludes relitigation of factual issues if: (1) the issue to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated by the parties in the prior action; and (3) the prior court's determination of the issue was necessary to the resulting final and valid judgment."[19]

---

10. *Id.* at 252, 106 S.Ct. 2505.

11. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991).

12. *Applied Genetics,* 912 F.2d at 1241.

13. *Deepwater Invs. Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991).

14. *Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir.1988).

15. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505.

16. *See* Order Denying Motion for Summary Judgment filed August 24, 1998.

17. Defendant's Response Brief filed October 6, 1998, at 2 (citing *In re Sylvia,* 190 B.R. 495, 498 (Bankr.Conn.1995)).

18. *See In re Wallace,* 840 F.2d 762, 765 (10th Cir.1988)(finding that state court finding of embezzlement precluded relitigation of fraud question under § 523(a)(4)).

19. *In re Reid,* 149 B.R. 669, 671 (Bankr.D.Kan.1992)(citing *In re Wallace,* 840 F.2d at 765 (citations omitted)).

■■ "When collateral estoppel is asserted, the plaintiff has the burden of introducing a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action."[20] "A bankruptcy court must scrutinize the entire record of the state court proceedings in order to determine whether collateral estoppel exists."[21]

■ In the Leavenworth County District Court lawsuit, the issue was whether the Rutledges' conduct constituted fraud. Count IV of the plaintiffs' state court petition alleged fraud and fraud in the inducement. The issue to be precluded in this case is substantially the same as the issue in the state court action; to wit: whether the $1,184,829 debt is nondischargeable on the basis of fraud. Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by "false pretenses, a false reputation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). The creditor must prove by a preponderance of the evidence[22] that:

(1) the debtor knowingly committed actual fraud or false pretenses, or made a false representation or willful misrepresentation;

(2) the debtor had the intent to deceive the creditor;

(3) the creditor relied on the debtor's conduct;

(4) the creditor's reliance was justifiable; and

(5) the creditor was damaged as a proximate result.[23]

The court finds that the state court necessarily addressed issues and made factual determinations which establish that the Rutledges' conduct was fraudulent within the meaning of § 523(a)(2)(A). The state court specifically found:

[T]here is clear and convincing evidence that defendants James Rutledge, Dixie Rutledge and Rutledge Backhoe and Septic Tank Services, Inc. (hereinafter "Rutledge Backhoe"), in connection with the sale of Rutledge Backhoe to plaintiffs, made false and untrue representations as statements of existing and material fact and had knowledge of material facts which plaintiffs did not have and which plaintiffs could not have discovered by the exercise of reasonable diligence; that the representations were known to be false or untrue by defendants, or were recklessly made without knowledge concerning them; that defendants were under an obligation to communicate the material facts to plaintiffs; that the representations were intentionally made for the purpose of inducing plaintiffs to act upon them, and defendants intentionally failed to communicate to plaintiffs the material facts; that defendants caused willful and malicious injury to plaintiffs; that plaintiffs reasonably relied and acted upon the representations; that plaintiffs justifiably relied upon defendants to communicate the material facts to plaintiffs; and that plaintiffs sustained damage by relying upon the representations and as a result

20. *Rupert v. Krautheimer (In re Krautheimer)*, 210 B.R. 37, 53 (Bankr.S.D.N.Y.1997)(internal quotations omitted).

21. *Id.* at 52.

22. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)(holding that the standard of proof for § 523(a) exceptions to discharge is the ordinary preponderance-of-the-evidence standard).

23. *Spilker v. Braun*, Adv. No. 95–6194–JAR, Mem. Op. filed April 30, 1999 (citing *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)(rejecting the stricter standard of reasonable reliance as to the fourth element and finding that § 523(a)(2)(A) requires justifiable reliance)).

of defendants' failure to communicate the material facts to plaintiffs.[24]

The court further finds that the state court's determination of the fraud issue was necessary to the resulting final and valid judgment. Count IV of the plaintiffs' state court petition alleged fraud and fraud in the inducement. Thus, the state court's resolution of the fraud issue was necessary.

■ The only element the Rutledges dispute is whether the issue was "actually litigated" by the parties in the prior action. The Rutledges argue that because they invoked their Fifth Amendment right not to testify in the state court lawsuit, the underlying issues concerning dischargeability have not been "actually litigated." The court is not persuaded by this argument. In support, the Rutledges rely upon several cases where courts have refused to accord collateral estoppel effect to a previously entered default judgment. Here, the present case does not involve entry of a default judgment. In the Leavenworth County proceedings, the Rutledges filed an answer to the charges and the court received evidence concerning the issues. Where a plaintiff in a state court proceeding pleads the issue sought to be precluded, and the defendant files an answer to the charges, and the state court receives evidence on the pleadings, the requirement that the issues be "actually litigated" is satisfied.[25] There is no requirement that the defendant actually testify in his or her defense in the prior proceedings.[26] Invocation of the Fifth Amendment privilege in the prior suit does not bar a conclusion by this court that the merits of the case were necessarily adjudicated. As reasoned in *National Acceptance Co. v. Bathalter (In re Bathalter),*[27] a party cannot avoid a judgment simply because the Fifth Amendment shield is invoked, and, despite the debtor's choice to invoke his Fifth Amendment privilege, the prior action did satisfy the "actually litigated" requirement for collateral estoppel. The Rutledges have failed to identify any authority directly supporting their theory on this point. Moreover, the court finds, as a matter of fact and law, that the Rutledges actually litigated the claim of fraud against them in state court.

■ Finally, the Rutledges maintain that "[t]he pending appeal argues for denial of Summary Judgment."[28] It is well established, however, that Kansas courts have adopted the now-majority view regarding the pendency of appeals, which provides that the fact that an appeal is pending in a case does not vitiate the resjudicata effect of a judgment.[29] Indeed, the Rutledges "candidly admit" that the "mere pendency of an appeal from a civil court judgment is not grounds to deny application of collateral estoppel."[30] The Rutledges have offered no reason why the court should deviate from the well-established law.

---

**24.** Journal Entry of Judgment filed November 19, 1996, at 2.

**25.** *In re Quinn,* 170 B.R. 1013 (Bankr. E.D.Mo.1994).

**26.** *Id.*

**27.** 123 B.R. 568 (S.D.Ohio 1990)(*aff'd* 951 F.2d 349 (6th Cir.1991)).

**28.** Defendant's Response Brief filed October 6, 1998, at 4.

**29.** *See Phelps v. Hamilton,* 122 F.3d 1309, 1316 (10th Cir.1997)(citing *Willard v. Ostrander,* 51 Kan. 481, 32 P. 1092, 1093–94 (1893);

*Munn v. Gordon,* 87 Kan. 519, 125 P. 7, 8 (1912)); 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4433, at 308 (1981)(noting established rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal). *See also In re Fox,* 232 B.R. 229, 235 (Bankr.D.Kan.1999)(*citing In re Turner,* 204 B.R. 988 (9th Cir. BAP 1997)(noting that generally, federal court judgments are considered final for collateral estoppel purposes, even when the judgment is on appeal)); *In re Schwarten,* 194 B.R. 239, 247–48 (D.Kan. 1996).

**30.** Defendant's Response Brief filed October 6, 1998, at 4.

In sum, based upon the foregoing, the court finds that the Rutledges are collaterally estopped from relitigating the issue of fraud. Accordingly, plaintiffs are entitled to summary judgment on their complaint requesting a determination that their claim should be exempted from discharge under § 523(a)(2)(A).

IT IS THEREFORE ORDERED that the renewed motion for summary judgment of plaintiffs Steve Miles and Miles Environmental, Inc., is GRANTED. The debt for $1,184,829 is nondischargeable.

This Memorandum shall constitute findings of fact and conclusions of law under RULE 7052 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE and RULE 52(a) of the FEDERAL RULES OF CIVIL PROCEDURE. A judgment based on this ruling will be entered on a separate document as required by RULE 9021 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE and RULE 58 of the FEDERAL RULES OF CIVIL PROCEDURE.

IT IS SO ORDERED.