FILED

JUL 12 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   AZ-12-1281-AhJuTa |
| ANDREW FRANCIS and ANNE FRANCES FRANCIS, | Bk. No.   11-08988 |
|  | Adv. No.  11-01245 |
| Debtors. | |
| ANDREW FRANCIS; ANNE FRANCES FRANCIS, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| JAMES MCLAUGHLIN and JIM NYGREN, as Trustees of the UFCW Employers Arizona Health & Welfare Trust; CONSTANTINO FLORES, Trustee; UNITED STATES TRUSTEE, | |
| Appellees. | |

Argued and Submitted on June 21, 2013 at
Phoenix, Arizona

Filed - July 12, 2013

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Randolph J. Haines, Chief Bankruptcy Judge, Presiding

_____

Appearances:     Harold E. Campbell, III of Campbell & Coombs argued for Appellants Andrew Francis and Anne Frances Francis; Paul E. Steen of Ryan Rapp & Underwood, P.L.C. argued for Appellees James McLaughlin and Jim Nygren, as Trustees of the

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

United Food and Commercial Workers Employers
Arizona Health and Welfare Trust.

_____

Before: AHART,[**] JURY, and TAYLOR, Bankruptcy Judges.


**INTRODUCTION**

Debtors Andrew and Anne Francis ("Francises") have appealed a bankruptcy court summary judgment finding a debt nondischargeable in favor of James McLaughlin and Jim Nygren, as Trustees of the United Food and Commercial Workers and Employers Arizona Health and Welfare Trust ("United"). The Francises contend the bankruptcy court erred by giving preclusive effect to an Arizona default judgment. We disagree as to Andrew but agree as to Anne. Therefore we AFFIRM in part and VACATE and REMAND in part.

**FACTS**

Andrew Francis is the owner and operator of Medical Management Strategies, LLCP ("MMS"), a medical consulting business. In 2004, based on its alleged right to collect on a medical provider's accounts receivable, MMS submitted claims for payment for treatments. United is the insurer of the patients who purportedly received such treatments. Throughout 2005, based on the submitted claims, United issued checks totaling $114,085.54 to Dr. Gwen Ladha, the listed treating physician. The checks were indorsed and cashed by "Andrew Francis dba Ladha, M.D."

_____

[**]Hon. Alan M. Ahart, United States Bankruptcy Judge for the Central District of California, sitting by designation.

After investigation, United came to believe the submitted claims were false and demanded reimbursement from Andrew. On December 18, 2006 United filed suit against MMS and the Francises in the Superior Court of Arizona, Maricopa County ("State Court Action"). The first amended state court complaint ("State Court Complaint") asserted causes of action for conversion, common law fraud, negligent misrepresentation, and restitution.[1]

The Francises filed numerous pleadings in the State Court Action. These include, but are not limited to, a motion to dismiss on January 17, 2007, an answer on July 20, 2007, a motion to compel discovery on March 29, 2010, a motion for sanctions on April 27, 2010, a motion for summary judgment on May 5, 2010, a response to plaintiff's motion for summary judgment on July 29, 2010, and a motion for judgment on the pleadings on October 5, 2010. A minute entry dated August 13, 2010 indicates the state court denied both United's and the Francises' cross-motions for summary judgment, concluding questions of fact existed on both the fraud and conversion claims. Trial was scheduled to begin on October 18, 2010, and the parties had submitted pretrial statements and jury instructions.

In addition to the civil proceeding, criminal charges had been brought and subsequently dismissed. On the eve of the civil trial, the Francises decided to strike their answer and allow

---

[1]We exercise our discretion to take judicial notice of documents filed in the underlying state court case. See Triqueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) ("We retain discretion to take judicial notice of documents 'not subject to reasonable dispute.' Fed. R. Evid. 201(b). In particular, we 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citations omitted).

default judgment to be entered against them. On the advice of criminal counsel, Mr. Francis determined he did not want to testify under oath, believing it could result in the re-filing of criminal charges.

A damages hearing was held in December 2010, after which the state court drafted a minute entry, dated February 15, 2011, denying United's request for punitive damages. The state court then entered an amended default judgment ("State Court Judgment") against the Francises on March 16, 2011. The State Court Judgment set forth the Superior Court's findings and awarded $114,085.54 on the fraud and conversion claims, interest of $66,138.33, and costs of $1,893.70. The State Court Judgment made findings of fraud and conversion against only Andrew, but entered judgment against both Andrew and Anne.

On April 4, 2011, the Francises filed a chapter 7[2] voluntary petition in the United States Bankruptcy Court for the District of Arizona. On July 11, 2011, United filed a complaint to determine dischargeability of a debt ("Nondischargeability Complaint"). The Nondischargeability Complaint alleged causes of action under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), and (a)(19) and sought to except the State Court Judgment from discharge. Debtors filed an answer on August 25, 2011. On January 16, 2012, United filed a motion for summary judgment, arguing it was entitled to judgment as a matter of law based on the State Court

---

[2]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "FRCP" references are to the Federal Rules of Civil Procedure.

Judgment and res judicata. On February 17, 2012, the Francises filed an opposition to the motion for summary judgment. At the March 5, 2012 status hearing, the bankruptcy court advised United to address issue preclusion in its reply, correctly explaining that res judicata, also known as claim preclusion, cannot apply because state courts do not hear nondischargeability actions under § 523(a)(2). United's reply was filed on March 26, 2012.

On April 5, 2012, the bankruptcy court held a hearing on the motion for summary judgment. The bankruptcy court determined the State Court Judgment would be given preclusive effect and stated in relevant part that "there was active participation by the Defendant in litigating this case." On April 10, 2012, the bankruptcy court entered a minute entry order granting the motion for summary judgment. On April 24, 2012, the Francises filed a motion for reconsideration, which was denied by an order entered on April 27, 2012. On May 10, 2012, the bankruptcy court entered judgment ("Bankruptcy Court Judgment") excepting the State Court Judgment from discharge pursuant to § 523(a)(2)(A).

On May 23, 2012, the Francises timely filed a notice of appeal to this Panel.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.[3]

_____

[3]The Nondischargeability Complaint alleged causes of action under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), and (a)(19). The Bankruptcy Court Judgment found the debt to be nondischargeable under 11 U.S.C. § 523(a)(2)(A). On July 27, 2012, this Panel (continued...)

**ISSUE**

In granting summary judgment, did the bankruptcy court err in finding that the State Court Judgment satisfied the elements of issue preclusion under Arizona law?

**STANDARDS OF REVIEW**

A grant of a motion for summary judgment is reviewed de novo. Younie v. Gonya (In re Younie), 211 B.R. 367, 372 (9th Cir. BAP 1997) (citing Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995)). The evidence must be reviewed in the light most favorable to the nonmoving party to determine if there are any genuine issues of material fact and whether the bankruptcy court correctly applied the substantive law. Fichman v. Media Center, 512 F.3d 1157, 1159 (9th Cir. 2008).

Mixed questions of law and fact are reviewed de novo. Carrillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002). Whether issue preclusion is available is a mixed question of law and fact. Stephens v. Bigelow (In re Bigelow), 271 B.R. 178, 183 (9th Cir. BAP 2001).

---

[3](...continued)
issued a Clerk's Order, stating that the Bankruptcy Court Judgment appeared to be an interlocutory order because the remaining causes of action were still pending. An appeal of an interlocutory order requires leave of the Panel. See 28 U.S.C. § 158(a)(3) and Rule 8003. In response, on August 13, 2012, the Francises filed a motion to amend, requesting the bankruptcy court amend the Bankruptcy Court Judgment to include dismissal of United's claims under 11 U.S.C. §§ 523(a)(2)(B) and (a)(19). United did not object and the bankruptcy court entered an order on September 12, 2012 dismissing the remaining causes of action.

**DISCUSSION**

**A. Standard for Summary Judgment**

Summary judgment is appropriate when the facts presented show there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law. FRCP 56(c), made applicable to the bankruptcy court by Rule 7056. An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "material" only if it could affect the outcome of the suit. Id. At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial, or whether it is so one-sided that one party must prevail as a matter of law. Id. at 243-244.

**B. Standard for Issue Preclusion**

The doctrine of issue preclusion, or collateral estoppel, prohibits relitigation of issues that have been adjudicated in a prior action.[4] Child v. Foxboro Ranch Estates, LLC (In re Child), 486 B.R. 168, 172 (9th Cir. BAP 2013) (citing Lopez v. Emergency Serv. Restoration, Inc. (In re Lopez), 367 B.R. 99, 104 (9th Cir. BAP 2007)). The party asserting issue preclusion bears the burden of proof as to all elements and must introduce a sufficient record to reveal the controlling facts and the exact

---

[4]The preferred terminology is "issue preclusion" rather than "collateral estoppel" and "claim preclusion" rather than "res judicata." Syverson v. Int'l Bus. Machs. Corp., 472 F.3d 1072, 1078 n.8 (9th Cir. 2007).

- 7 -

issues litigated. Child, 486 B.R. at 172 (citing Kelly v. Okoye (In re Kelly), 182 B.R. 255, 258 (9th Cir. BAP 1995)).

The doctrine of issue preclusion applies in nondischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 284-85 n.11 (1991). Under 28 U.S.C. § 1738, the federal full faith and credit statute, federal courts must give state court judgments the same preclusive effect that those judgments would receive from another court of the same state. Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 993 (9th Cir. 2001). Accordingly, Arizona law determines any preclusive effect of the State Court Judgment. Nourbakhsh, 67 F.3d at 800.

In Arizona, there are four requirements for the application of issue preclusion: (1) the same issue or fact was actually litigated in a previous suit, (2) a final judgment was entered, (3) the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, and (4) the issue or fact was essential to the prior judgment. See Chaney Bldg. Co. v. City of Tucson, 716 P.2d 28, 30 (Ariz. 1986).

**C. Application to the Instant Case**

***Same issue was litigated***

The second count of United's State Court Complaint alleged common law fraud. In Arizona, an action for common law fraud requires the concurrence of the following elements: a representation, its falsity, its materiality, the speaker's knowledge of its falsity or ignorance of its truth, intent that it should be acted upon by the person and in a manner reasonably contemplated, the hearer's ignorance of its falsity, his rightful

- 8 -

reliance thereon, and his consequent injury. <u>Nielson v. Flashberg</u>, 419 P.2d 514, 518 (Ariz. 1966).

To except a debt from discharge under § 523(a)(2)(A) of the Bankruptcy Code, a creditor must show: the debtor made representations that at the time the debtor knew to be false, the debtor made the representations with the intention and purpose of deceiving the creditor, the creditor justifiably relied on the representations, and the creditor sustained losses as a proximate result. <u>Turtle Rock Meadows Homeowners Ass'n v. Sylman (In re Sylman)</u>, 234 F.3d 1081, 1085 (9th Cir. 2000) (citing <u>Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)</u>, 104 F.3d 1122, 1125 (9th Cir. 1996)).

Because the elements to establish common law fraud under Arizona law overlap with and mirror the elements for a nondischargeability determination under § 523(a)(2)(A), the same issues in the Nondischargeability Complaint were actually litigated in the State Court Action.

***Final judgment***

Issue preclusion does not apply to determinations that are not final judgments. A judgment is final in Arizona if it is sufficiently firm as to be accorded conclusive effect. <u>Campbell v. SZL Properties, Ltd.</u>, 62 P.3d 966, 969 (Ariz. App. Div. 1 2003) (citing Restatement (Second) of Judgments § 13) (1982)). There is nothing on the record that would indicate otherwise, and it appears the parties would agree the State Court Judgment constitutes a final judgment.

- 9 -

***Opportunity to and actually litigated the matter***

It is also clear that the Francises had the opportunity to litigate in state court. The Francises participated in the State Court Action for over four years. They filed multiple motions, conducted discovery, and appear to have participated in numerous status conferences. Moreover, the Francises' request that their answer be stricken immediately before the trial was the sole reason default was entered. Accordingly, the Francises had, but chose not to avail themselves of, the opportunity to litigate.

The Francises argue that, because the State Court Judgment resulted from a default, the issues were not actually litigated. We disagree with the characterization of the State Court Judgment as a default. Although titled as such, we do not exalt form over substance, and the context of the State Court Action makes clear this was not a mere default, as it was litigated up until the trial date. See Prudential Real Estate Affiliates, Inc. V. PPR Realty, Inc., 204 F.3d 867, 880 (9th Cir. 2000) ("[T]he label attached to a motion does not control its substance."). Further, while Chaney states that generally a default judgment does not constitute actual litigation of any issues, there is authority concluding that a default judgment may meet the actual litigation requirement. In Kirkland v. Barnes (In re Kirkland), 2008 WL 8444824 (9th Cir. BAP 2008), this Panel upheld a bankruptcy court's decision to give preclusive effect to a default judgment issued by an Arizona state court, noting it was appropriate to look into a party's reasons for not litigating. Id. at *9. The Debtor in Kirkland participated in the state court proceedings,

but committed discovery violations that led to state court sanctions, including striking his answer and entering default.

In Bell v. Bell (In re Bell), 2008 WL 2277875 (D. Ariz. 2008), the district court affirmed a bankruptcy court's application of issue preclusion to an Arizona state court judgment issued after the debtors' untimely response to a creditor's motion for summary judgment was not considered by the court. Finding the debtors did not give up and merely accept default, but instead pursued their case ineffectively, the district court determined the issues to be actually litigated. See also Child, 486 B.R. 168 (citing Kirkland and Bell, but declining to apply issue preclusion because the debtor did not substantially participate in the prior proceeding).

Further, as Kirkland noted, Arizona courts follow the approach taken in the Restatement (Second) of Judgments § 27 (1982). See e.g., Airfreight Expt. Ltd v. Evergreen Air Center, Inc., 158 P.3d 232, 237 (Ariz. App. Div. 2 2007); Special Fund Div., Industrial Com'n v. Tabor, 32 P.3d 14, 17 (Ariz. App. Div 1 2001). Chaney quoted Comment d. to this Restatement as follows: "When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated." Chaney, 716 P.2d at 30. Comment e. to § 27 of the Restatement (Second) of Judgments provides: "It is true that it is sometimes difficult to determine whether an issue was actually litigated; even if it was not litigated, the party's reasons for not litigating the prior action may be such that preclusion would be appropriate."

As with the cases above, the Francises substantially participated in the State Court Action. Any failure to litigate was due to the Francises' voluntary tactical decision, the consequences of which they must now face. A finding that the issues were actually litigated conforms with Comments d. and e. of the Restatement and is in accord with the principle that a refusal to testify in a civil proceeding is done at one's own peril and does not preclude an adverse inference. Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).

Finally, though Arizona courts have not specifically addressed whether an issue is actually litigated when a party invokes the Fifth Amendment privilege, our position comports with the majority view in other jurisdictions that such party has had a full and fair opportunity to litigate for issue preclusion purposes. See e.g., Manty v. Brown (In re Brown), 427 B.R. 715, 719, 721-22 (D. Minn. 2010); FTC v. Abeyta (In re Abeyta), 387 B.R. 846, 849, 852-853 (Bankr. D. N.M. 2008); AGP Grain Cooperative v. White (In re White), 315 B.R. 741, 745, 747-49 (Bankr. D. Neb. 2004); Miles v. Rutledge (In re Rutledge), 245 B.R. 678, 683 (Bankr. D. Kan 1999).

**_Issue was essential_**

The State Court Judgment explicitly found for United on the fraud and conversion claims and stated:

> 7. Andrew Francis made representations to the Trust by causing his company, Medical Management Strategies, L.L.C.P., to submit false claims to the Trust for medical services purportedly provided by HeartGen Centers, Inc. to Trust beneficiaries;

- 12 -

8. Andrew Francis's representations were false because the purported medical services set forth in the claims were never performed by HeartGen;

9. Andrew Francis's representations were material in influencing the Trust to pay the false claims;

10. Andrew Francis knew that the representations were false;

11. Andrew Francis intended that the Trust would act upon the representations in the manner reasonably contemplated by Andrew Francis, i.e., by paying the false claims;

12. The Trust did not know that the representations were false;

13. The Trust relied on the truth of the representations;

14. The Trust's reliance was reasonable and justified under the circumstances;

15. As a result, the Trust was damaged;

16. In making the representations, Andrew Francis was acting for the benefit of his marital community.

As indicated by the State Court Judgment, the requirements of fraud were necessarily determined and essential to the judgment against Andrew.

As noted, though not raised by Appellants until oral argument, the findings of fact in the State Court Judgment as to fraud were made only against Andrew. Generally this Panel will not review an issue not raised below unless necessary to prevent manifest injustice. Komatsu, Ltd. V. States S.S. Co., 674 F.2d 806, 810 (9th Cir. 1982). In this case, allowing a nondischargeability judgment against Anne to stand, when there

were no findings that she participated in the fraud, would constitute a manifest injustice.

This Panel notes that the award in the State Court Judgment was based on both fraud and conversion claims. However, the State Court Complaint expressly sought damages of at least $118,180.54 only under the fraud claim and in the prayer for relief. As such, it is clear the damages awarded by the State Court Judgment can be attributed to the fraud claim.

As the doctrine of issue preclusion was properly applied to Andrew, the elements to declare a debt nondischargeable under § 523(a)(2)(A) have been shown and are not subject to material dispute. Accordingly, summary judgment was appropriate as to Andrew.

## CONCLUSION

For all of the reasons set forth above, we AFFIRM the bankruptcy court's judgment declaring the State Court Judgment nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) as to Andrew Francis. We VACATE the bankruptcy court's judgment as to Anne Francis and REMAND for further proceedings.